William E. CALDWELL, Appellant,

v.

STATE of Indiana, Appellee.

No. 985S390.

Supreme Court of Indiana.

June 4, 1987.

Rehearing Denied Aug. 17, 1987.

Dennis R. Majewski, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Attempted Murder, a Class A felony and Possession of Marijuana, a Class D felony. Appellant was sentenced to thirty (30) years with five (5) years added for aggravating circumstances on the attempted murder charge and one (1) year for possession of marijuana, the sentences to run concurrently.

The facts are: On April 21, 1983, Indiana State Trooper, Jeffrey Nicoson, observed appellant driving a red pickup truck near the intersection of Interstate 70 and U.S. 41 in Terre Haute. He noticed appellant following an automobile being driven by a young woman. Appellant was waving his hands and holding what appeared to be a cigarette. The officer considered his driving and his conduct to be erratic; therefore, he stopped appellant.

Upon stopping, appellant immediately exited his vehicle and walked towards the officer. When the officer asked him for a driver's license, appellant gave him a license with the name William J. Miller on it. The driver returned to the truck to get the vehicle registration and was followed by Officer Nicoson. When the officer looked in the truck, he saw the end of a plastic bag protruding from a coat pocket. He removed the bag and found it to contain a green leafy substance, which he presumed to be marijuana.

At this point, the officer told appellant he was under arrest. As he was being handcuffed, appellant drew a gun and pointed it at the officer. The officer jumped into a nearby ditch in an attempt to evade the shots that were fired by appellant. After firing several shots, appellant threw his gun away and held up his hands; however, when the officer emerged from the ditch

and attempted to capture appellant, he escaped leaving the truck on the highway.

State Police Officer Michael Goldner arrived at the scene to assist Officer Nicoson; however, they were unable to capture appellant at that time. Officer Goldner recovered the revolver used by appellant and some other items. He then had appellant's truck towed to the police station, where it was inventoried. They discovered, among other items, a thermos which contained a bag of marijuana.

Appellant claims the trial court erred in proceeding on the count of possession of marijuana after it had sustained appellant's motion to suppress the evidence of the bag of marijuana which Officer Nicoson had removed from the jacket pocket. He also claims the evidence should have been suppressed because the arrest itself was illegal. The trial court agreed with appellant's objection that the evidence obtained by Officer Nicoson's initial search should be suppressed. Therefore, the prosecution on the possession of marijuana in no way turned upon the marijuana discovered by Officer Nicoson at the time of the arrest, nor is there any other evidence in this case dependent upon such arrest.

There is no question that Officer Nicoson had probable cause to stop appellant on the highway and to make an investigation concerning appellant's erratic action. *See Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *Andrews v. State* (1982), Ind., 441 N.E.2d 194. There is absolutely no evidence in this case which would justify appellant's firing a gun at Officer Nicoson when he attempted to handcuff appellant.

■ The fact that appellant abandoned his vehicle and fled on foot gave the officers every reason to impound the vehicle. In fact, it left them with the duty to impound the vehicle. It was also their duty to inventory the contents of the vehicle upon arriving at the police station. Items obtained during that inventory were properly admitted into evidence. *South Dakota v. Opperman* (1976), 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000; *Deneal v. State* (1982), Ind., 468 N.E.2d 1029. The charge of possession of marijuana was

based upon the marijuana found in the thermos at the time of the inventory. There was no error in the admission of such evidence.

Appellant claims the trial court erred in overruling his objection to the State's closing remark in rebuttal argument when the prosecutor alluded to the fact that appellant had fired shots at a State Policeman. Although the trial judge overruled appellant's objection, there was no request for the trial judge to admonish the jury to disregard the prosecutor's statement. There was neither a motion to strike the statement nor was there a motion for a mistrial. Generally, under such circumstances, the issue is considered waived. *Lambert v. State* (1983), Ind., 448 N.E.2d 288; *Brown v. State* (1984), Ind.App. 464 N.E.2d 361. However we will address the merits of this situation.

■ The prosecutor engaged in misconduct by stating his final argument in terms calculated to inflame the passion or prejudice of the jury. *Limp v. State* (1982), Ind., 431 N.E.2d 784. It is also improper for the prosecutor to ask the jury to convict a defendant for any reason other than his guilt. *Isom v. State* (1985), Ind. App., 479 N.E.2d 61. However, even though comments might be improper, they will not be considered as constituting reversible error unless they place appellant in grave peril so as to deny him a fair trial. *Dresser v. State* (1983), Ind., 454 N.E.2d 406. In both *Johnson v. State* (1982), Ind., 436 N.E.2d 796 and *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843, this Court set forth the standard which is to be followed to determine whether or not the conduct of the prosecutor constitutes reversible error.

In making such observation, the Court, among other things, stated:

"Whether the misconduct results in subjecting the defendant to 'grave peril' is determined by the probable persuasive effect of the misconduct on the jury's decision, not by the degree of impropriety of the conduct. (citation omitted)." *Johnson, supra* at 798.

In the case at bar, appellant had, in the course of an arrest for a relatively minor matter, fired several shots at an Indiana State Police officer. It can hardly be imagined that any jury would take such conduct lightly, nor would it appear that the statements of the prosecuting attorney reminding them of such a fact would prejudice appellant beyond the situation in which the evidence had already placed him. In this case, we find the conduct of the prosecutor was not such as to have the persuasive effect of subjecting appellant to "grave peril."

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.