Walter BROWN, Appellant,

v.

STATE of Indiana, Appellee.

No. 43S00-8611-CR-957.

Supreme Court of Indiana.

Dec. 16, 1987.

Bradley J. Tandy, Rasor, Harris, Lemon & Reed, Warsaw, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Armed Robbery, a Class B felony, for which he received the maximum sentence of twenty (20) years. We affirm the judgment of the trial court.

The facts are: At approximately 10:30 p.m., on December 1, 1985, the Kosciusko County Sheriff's Department received a report that a robbery had been committed at the Brian Knisley residence near Syracuse in Kosciusko County. Shortly thereafter a county officer observed William James Brown, brother of appellant Walter Brown, walking along a roadway in the vicinity of the robbery and took him into custody. He was taken to the Knisley residence and

identified by the victims as one of two perpetrators of the robbery. Appellant was later apprehended and this conviction resulted.

Appellant contends the trial court abused its discretion in denying his Motion for Psychiatric Evaluation and Competency Hearing. The record indicates that because of a fainting episode and appellant's anxiety regarding his defense strategy affecting his ability to make decisions, his counsel filed a motion for psychiatric evaluation of his competency. At the hearing on the motion, the trial court stated:

"The Court will find that there is no probable cause to believe the defendant incompetent and unable to assist his counsel. I appreciate that indecision out of fear for what the future might bring is a ground for confusion of the mind certainly, but I fail to see any evidence that he is incompetent in the sense of being able to understand what's going on and to make meaningful responses in aid to his attorney and the motion will therefore be overruled."

■ A competency hearing is required by Ind.Code § 35–36–3–1 only where there is evidence before the trial court creating a reasonable and bona fide doubt as to the defendant's competency to stand trial. *Evans v. State* (1986), Ind., 489 N.E.2d 942. Whether reasonable grounds exist to order evaluation of competency is a determination lying within the sound discretion of the trial judge. Observations of the defendant's demeanor during pretrial hearings are an adequate basis for finding that a competency hearing is not necessary. *Timmons v. State* (1986), Ind., 500 N.E.2d 1212. Such determinations will be disturbed upon review only for abuse of discretion. *Hadley v. State* (1986), Ind., 496 N.E.2d 67.

■ An examination of the record in the case at bar shows that while appellant experienced some confusion over the best way to conduct his defense, he in fact had a rational understanding of the proceedings and was able to assist his counsel in preparation of his defense. Thus the trial court

had ample grounds to deny appellant's motion for psychiatric examination.

Appellant next contends the court erred in denying his motion for continuance. He had timely filed a Notice of Alibi Defense; yet as of the trial date the Sheriff's Department had been unable to locate and serve the subpoena upon appellant's sole alibi witness. The affidavit in support of his motion for continuance was filed in accordance with the statutory provisions of Ind. Code § 35–36–7–1(b). Nevertheless, after hearing testimony by the Sheriff's officer who had tried to locate the alibi witness, the trial court overruled appellant's motion. We will disturb such a denial only for a clear abuse of the court's discretion. *Woods v. State* (1985), Ind., 484 N.E.2d 3.

■ To demonstrate reversible error, the record must reveal that the appellant was prejudiced by the denial of his motion for continuance. *Peters v. State* (1984), Ind., 470 N.E.2d 708. The State contends appellant suffered no prejudice from the denial of his motion. The record supports this contention. Sheriff's Detective Sergeant Kitch testified that after considerable effort he had exhausted all leads in his attempt to locate appellant's alibi witness. Appellant offered no evidence to the contrary—merely the allegation in his affidavit, as required by Ind.Code § 35–36–7–1(b)(2), that the witness's testimony could probably be procured within a reasonable time. Thus, from the record it appears unlikely that the alibi witness's testimony could have been procured had the continuance been granted; therefore, appellant suffered no prejudice from its denial. There was no abuse of the court's discretion in denying the motion for continuance. *Id.*

■ Appellant claims the trial court imposed an excessive sentence, in light of all the factors, when it enhanced by ten (10) years the presumptive sentence of ten (10) years. Appellant contends the ten year enhancement was manifestly unreasonable in light of his character and that the court erroneously failed to consider his academic achievements and employment record in mitigation of his sentence. When a trial

court makes use of mitigating factors either to reduce a presumptive sentence or to offset aggravating factors, it must describe the mitigating factors and the particular facts underlying them. *Hammons v. State* (1986), Ind., 493 N.E.2d 1250. But if the court finds there are no significant mitigating factors, their use in determining sentence is not mandatory; the court is under no obligation to identify or balance the factors argued by the defendant. *Id.*

In the case at bar, the trial court properly identified appellant's history of theft and burglary convictions, his incarcerations resulting therefrom, and the perpetration of the instant offense while appellant was on parole from another jurisdiction as aggravating factors. It was within the province of the court to find they outweighed any potential mitigating factors so that the latter need not be identified nor balanced. *Id.* Ind.R.App.Rev.Sen. 2, allows us to revise a sentence authorized by statute only "where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed." *See Corder v. State* (1984), Ind., 467 N.E.2d 409. We are not persuaded that no reasonable person could find the sentence imposed here to be appropriate, in light of the aggravating circumstances set forth by the trial court.

The trial court is in all things affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.