**Vester ANTHONY, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 49S00-8801-CR-5.

Supreme Court of Indiana.

July 7, 1989.

Howard Howe, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Vester Anthony was found guilty by a Marion Superior Court jury on October 2, 1987 of Attempted Robbery, a Class B felony, for which he received a term of fifteen (15) years, Confinement, a Class B felony, for which he received a term of fifteen (15) years, and Carrying a Handgun Without a License, a Class A misdemeanor, for which he was given a term of one (1) year. All sentences were ordered served concurrently.

Four issues are presented for our review in this direct appeal:

1. untimely initial hearing following filing of the charging information;
2. admission of State's Exhibit 14;
3. sufficiency of the evidence; and
4. denial of Defendant's Motion for Determination regarding Defendant's competency at the sentencing proceedings.

The evidence revealed that Michael Smith was working alone as an attendant at a Wake–Up gasoline station at 2010 North Martin Luther King Drive in Indianapolis, when a man approached wearing an army face mask that left only his eyes uncovered. When he arrived at the station he pulled out a gun and ordered Smith into the back room. He asked Smith to empty his pockets but Smith told him he had nothing except his keys and offered the keys to a cash drawer located at the front of the station. Smith attempted to take the gun away from the stranger and injured his hand on the hammer of the gun as it went off. Smith then recovered the gun and shot the stranger twice, rendering him unconscious. Police removed the intruder, who was later identified as Anthony, from the scene to the hospital where he remained for some time recovering from the wounds.

Anthony testified in his own behalf and told a different version of the event. He stated he came to the station to buy drugs for a friend from Smith. His friend later told him the drugs were no good and ordered Anthony to get his money back. Anthony claimed his friend drove him to the gas station and was waiting in the car. Anthony then claimed he demanded money back from Smith but Smith would agree only to give him more drugs. He claims Smith already had the gun in his possession and during the altercation drew it and shot Anthony.

I

Anthony claims the trial court erred by failing to bring him before the court for an initial hearing pursuant to IC 35-33-7-1, which requires that a person arrested without a warrant must be taken promptly before a judicial officer. At this hearing the court is required to inform the accused of the nature of the charges against him, the amount and conditions of bail, his right to a speedy trial, the privilege against self-incrimination, and his right to retained or appointed counsel. Here, the information was filed on January 20, 1987, and Anthony did not appear in court for an initial hearing until April 7, 1987.

Anthony does not deny he was confined in Wishard Hospital until March 20, 1987, recovering from gunshot wounds he received during the incident from which these charges arose. He claims, however, court could have been convened in his hospital room for purposes of an initial hearing and there were eighteen (18) days following his release from the hospital during which the court could have held the hearing. The record does not disclose why Anthony was not brought before the court after his discharge from the hospital until April 7. It was, of course, impossible to have Anthony produced in court for an initial hearing when he was physically unable to be there. Considering all the facts and circumstances in this case, eighteen days following his

release from the hospital appears to be an undue length of time. However, Anthony does not show how he was prejudiced by this delay even if it was considered unreasonable. It was Anthony's burden to show the delay between his arrest and the initial hearing was both prejudicial and unreasonable. *Gee v. State* (1979), 271 Ind. 28, 41, 389 N.E.2d 303, 312; *Owens v. State* (1975), 263 Ind. 487, 496, 333 N.E.2d 745, 749. *See also May v. State* (1986), Ind., 502 N.E.2d 96, 100–01. Anthony's only claim is that the length of time was too long and his cause should be dismissed. He makes no claim or showing that he was not represented by counsel, that he was unaware of the charges against him and his right to respond to them, nor that his preparation of a defense was impeded in any way. We find no reversible error on this issue.

## II

■ The trial court admitted State's Exhibit 14, which was a diagram depicting the layout of the service station in question. The diagram was drawn and sponsored by one of the police officers who stated it was not drawn to scale but generally showed the layout of the rooms in the station. Anthony concedes that a diagram depicting the layout of a building, even though it is not drawn to scale, may be entered in evidence when it is offered in connection with the testimony of a witness as a legitimate aid to the court or jury. *Yeagley v. State* (1984), Ind., 467 N.E.2d 730, 734. The only complaint Anthony makes about the drawing is that the officer included in the diagram all objects appearing at the scene including items of clothing which were strewn in various areas. Anthony's complaint seemed to be that the presence of all of these items might confuse the jury.

The exhibit here was identified as a diagram that was not drawn to scale and merely represented objects and places at the scene. The trial court admonished the jury that the exhibit was "for the limited purpose of showing a diagram of the area as this witness observed it." There was no error in its admission.

## III

■ Anthony claims there was insufficient evidence to sustain his convictions. Where sufficiency of the evidence is raised on appeal, this Court does not reweigh the evidence nor judge the credibility of witnesses. If there is substantial evidence of probative value to support the verdict, it will not be disturbed. *Jones v. State* (1988), Ind., 518 N.E.2d 479, 481. Anthony's contention appears to be based on the fact that his version of the incident was more believable than Smith's. Smith's testimony in itself was sufficient to support Anthony's convictions. It was for the jury to weigh the facts and determine the credibility of the witnesses and in so doing the jury was free to believe whomever it felt was telling the truth. *Graves v. State* (1984), Ind., 472 N.E.2d 190, 191; *Mc Brady v. State* (1984), Ind., 459 N.E.2d 719, 723.

## IV

On September 30, 1987, Anthony filed a *pro se* Motion for Determination regarding his competency at the sentencing proceedings. In his *pro se* motion, Anthony claimed he had trouble remembering events of the incident because he was shot in the cheek during attempted holdup. The only error he assigns to the court in denial of the motion is his allegation the court was obliged to appoint three competent, disinterested psychiatrists or psychologists to examine him and testify at the hearing.

■ A competency hearing is required pursuant to Ind.Code § 35–36–3–1 only where there is evidence before the trial court creating a reasonable and *bona fide* doubt as to the defendant's competency to stand trial. *Brown v. State* (1987), Ind., 516 N.E.2d 29, 30; *Evans v. State* (1986), Ind., 489 N.E.2d 942, 948. Whether reasonable grounds exist to order evaluation of competency is a determination lying within the sound discretion of the trial judge. As this Court stated in *Brown, supra,* "Observations of the defendant's demeanor during pretrial hearings are an adequate basis for finding that a competen-

cy hearing is not necessary." 516 N.E.2d at 30. *See also Timmons v. State* (1986), Ind., 500 N.E.2d 1212, 1217. Such determinations will be disturbed upon review only for abuse of discretion. *Hadley v. State* (1986), Ind., 496 N.E.2d 67, 71; *Brown, supra.*

In the instant case, the trial court was privy to Anthony's conduct throughout the entire trial. He testified in his own behalf giving, in detail, his version of the events at the service station as well as many other incidents involving the activities of Smith, himself, and others in drug dealing in the community. Anthony fails to show the trial court abused its discretion to the extent reversible error is presented.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.