**Jerry Eugene COLLINS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 17A04–9310–CR–364.

Court of Appeals of Indiana,
Fourth District.

Nov. 30, 1994.

Transfer Denied Feb. 9, 1995.

Eugene C. Hollander, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

CHEZEM, Judge.

### Case Summary

Defendant–Appellant, Jerry E. Collins ("Collins"), appeals his conviction of three (3) counts of Child Molesting, all class C felonies. We affirm.

### Issues

Collins presents several issues for our review, which we restate as follows:

1. Whether the trial court properly denied Collins' request for a competency hearing;

2. Whether the admonishment given to the jury regarding a defendant's presence at trial was proper;

3. Whether Collins' attorney provided ineffective assistance at trial;

4. Whether the trial court's Final Instruction 10 was fundamental error;

5. Whether the statements made by the Prosecutor in final argument prejudiced Collins to a level of fundamental error;

6. Whether the sentence imposed by the trial court is manifestly unreasonable.

### Facts and Procedural History

The facts most favorable to the verdict indicate that Collins molested his daughter ("JC") from the time she was nine-years of age until she was fourteen-years of age, forcing her to submit to many sexual acts. Because Collins makes no challenge to the sufficiency of the evidence against him, our investigation of the facts is unwarranted for purposes of this appeal. Collins claims instead that he suffered a head injury after his arrest for the offenses in question. Due to this head injury, Collins claims he has no recollection of the time period during which he was to have committed the offenses against his daughter.

Pursuant to Collins' request, Collins was evaluated for his competency to stand trial by Dr. Francis M. Cyran, M.D. and Dr. William D. Goudy, D.O. It was determined that, although Collins appeared to have had some memory loss due to the head injury, he was competent to stand trial; he was able to understand the proceedings and assist in the preparation of his defense. Upon receiving the doctor's reports, the trial court held a competency hearing and entered the reports into evidence upon the court's motion. The trial court found Collins competent to stand trial.

Nonetheless, this memory loss, along with Collins' depression and an alleged altercation during a break at the trial between Collins and his sister, was the basis for which he sought a continuance and second competency hearing. The trial court denied his motion for continuance and for a second competency hearing. Collins refused to be present when evidence was presented by the State. Collins was present when counsel presented final argument and when the court gave its instructions to the jury. He did not object to the instructions given by the court.

The jury returned a verdict of guilty to the three counts of Child Molesting. Collins was sentenced to eighteen (18) years imprisonment, six (6) years for each count, to be served consecutively.

### Discussion and Decision

#### I

■ We must first determine whether the trial court properly denied Collins' request for a second competency hearing and continuance. Denial of a motion for continuance lies within the sound discretion of the trial court and will be reviewed only for abuse of discretion. *Hazelwood v. State* (1993), Ind.App., 609 N.E.2d 10, 13. An abuse of discretion occurs when the ruling is against the logic and effect of facts and circumstances before the court, *Id.* at 11, or where the record shows the defendant was prejudiced by the denial of the continuance. *Vaughn v. State* (1992), Ind., 590 N.E.2d 134, 136.

■ Before Collins was charged with these offenses, he had been hospitalized for severe depression. His counselor recommended that he not stand trial due to his emotional problems. Additionally, Collins claims to have had an accident where he fell out of a canoe and hit his head, causing amnesia. It was alleged by Collins that he had no memory regarding the events alleged in the Charging Information. Collins filed a motion for a competency hearing pursuant to IND.CODE § 35-36-3-1. This statute states, in pertinent part:

(a) If any time before the final submission of any criminal case to the court or the jury trying the case, the court has reasonable grounds for believing that the defendant lacks the ability to understand the proceedings and assist in the preparation of his defense, the court shall immediately fix a time for a hearing to determine whether the defendant has that ability. The court shall appoint two (2) or three (3) competent, disinterested psychiatrists, psychologists endorsed by the Indiana state board of examiners in psychology as health service providers in psychology, or physicians, at least one (1) of whom must be a psychiatrist, who shall examine the defendant and testify at the hearing as to whether the defendant can understand the proceedings and assist in the preparation of the defendant's defense.

After the advisement by Collins' personal counselor, the trial court requested Dr. Francis Cyran, M.D. and Dr. William Goudy, D.O. to determine whether Collins was competent to stand trial. Collins challenges whether these doctors meet the qualifications required by the statute. Because Collins failed to timely challenge the qualifications of these doctors at the competency hearing, he has waived this issue on appeal. *Luster v. State* (1991), Ind.App., 578 N.E.2d 740.

■ Collins cannot prevail on the position that because the record does not reflect the doctors' qualifications, the State failed to meet the requirement of the statute. Collins has the burden of producing evidence in the record which supports his claim that the doctors do not meet the qualifications of the statute. *Evans v. State* (1986), Ind., 497 N.E.2d 919, 923. A silent record will not support a claim of error. *Id.* The record

supports the fact that the trial court adhered to the statute. The trial court's letter to the doctors referred to the requirements of IC 35–36–3–1, and a copy of the statute was attached to the letter. In the absence of evidence disproving such, the trial court is presumed to have had knowledge that one of the doctors was a psychiatrist.

Collins also asserts that the trial court did not have a competency hearing. To the contrary, the trial court held a competency hearing and, upon reviewing the doctors' reports and listening to arguments of counsel, the trial court found that Collins "understands the proceedings and is able to assist in the preparation of his defense" and therefore found Collins competent to stand trial.

■ Collins claims that the trial court's refusal to grant a second competency hearing after trial had begun was an abuse of discretion. After *voir dire* and the reading of the jury's preliminary instructions, there was a lunch recess. After lunch, defense counsel requested a continuance due to an alleged confrontation between Collins and his sister. After the court questioned each juror and determined that none had witnessed the altercation between Collins and his sister, the court denied the motion for continuance. Defense counsel next asked the trial court to speak via telephone to Collins' personal psychologist. The court denied this request.

■ Our supreme court has established the following test for determining the competency of a criminal defendant: "[w]hether the defendant has sufficient present ability to consult with defense counsel with a reasonable degree of rational understanding, and whether the defendant has a rational as well as factual understanding of the proceedings against him." *Adams v. State* (1987), Ind., 509 N.E.2d 812, 814. If a court has reasonable grounds for believing that the defendant lacks the ability to understand the proceedings and assist in the preparation of his defense, the court shall immediately fix a time for a hearing to determine whether the defendant has that ability. IC 35–36–3–1. Whether such reasonable grounds exist is a determination to be made by the trial court and will be reviewed only for abuse of discretion. *Brown v. State* (1987), Ind., 516 N.E.2d

29. A trial judge's observations of a defendant's demeanor in court are an adequate basis for determining whether a competency hearing is necessary. *Id.* Predictable stress from facing one's own felony trial does not warrant a competency hearing; nor does an off-the-record admonishment by a defendant's family member. Otherwise, every criminal defendant would be eligible for a competency hearing at any stage of the proceedings. The right to a competency hearing is not absolute. *Id.*

■ Collins next argues that because the trial court proceeded with the trial in his absence, he was denied his constitutional right to be present at trial under the Sixth Amendment. A defendant who knowingly and voluntarily waives his right to be present at trial cannot thereafter claim a violation of that right. *Dodson v. State* (1987), Ind., 502 N.E.2d 1333, 1337. Collins was advised by counsel that his failure to attend the proceeding against him would be considered a waiver of his Sixth Amendment right to be present at trial. He nevertheless chose not to attend, thereby eliminating a claim of fundamental error.

## II

■ We must next determine whether the following admonishment given by the court to the jury was proper:

Ladies and Gentlemen of the Jury, I do inform you that any person charged with a criminal offense may choose to not be present during any portion of his or her trial. We will now continue with these trial proceedings.

Collins did not object to the admonishment at trial and therefore waives this issue. *Madden v. State* (1990), Ind., 549 N.E.2d 1030, 1033. Additionally, because Collins had knowledge that his refusal to be present constituted a waiver of his right to be present, his absence was voluntary. An admonishment describing his absence as involuntary would have been misleading.

## III

■ We must next determine whether Collins received effective assistance of trial counsel. Collins claims his counsel was ineffective because of: 1) failure to establish

Collins' incompetency to stand trial and, 2) failure to object to testimony regarding various uncharged criminal acts. Collins contends that his trial attorney did not meet the requirements of the two-part test announced in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh. denied.* Our supreme court has applied the *Strickland* standard in Indiana. *See, e.g., Johnson v. State* (1992), Ind., 584 N.E.2d 1092, *cert. denied,* — U.S. —, 113 S.Ct. 155, 121 L.Ed.2d 105 (1992). First, Collins must make a showing that the performance of his counsel was deficient. The reviewing court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id.* A defendant must demonstrate that counsel's performance was unreasonable under the prevailing professional norms. *Turner v. State* (1991), Ind., 580 N.E.2d 665, *reh. denied.* "The proper judicial approach is highly deferential and requires a consideration of the totality of the evidence before the jury." *Johnson,* 584 N.E.2d at 1106. "Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through distortions of hindsight. Counsel is presumed competent, and appellant must present strong and convincing evidence to rebut the presumption." *Clark v. State* (1990), Ind., 561 N.E.2d 759, 763. Second, Collins must show prejudice as a result of the deficient performance. Collins must prove that his attorney's failure to function was so prejudicial that it deprived him of a fair trial. A fair trial is denied when the conviction or sentence results from a breakdown of the adversarial process that renders the result unreliable. *Best v. State* (1991), Ind., 566 N.E.2d 1027.

▮ Whatever one might conclude about the strategy and performance at issue, isolated instances of poor strategy or inartfully executed examinations do not necessarily amount to ineffectiveness of counsel. *Mott v. State* (1989), Ind., 547 N.E.2d 261. We will not second-guess the propriety of trial counsel's tactics. *See Hunter v. State* (1991), Ind., 578 N.E.2d 353, *reh. denied.*

▮ Moreover, when an ineffective assistance claim is based on counsel's failure to pose an objection, an appellant must demonstrate that proper objection would have been sustained by the trial court. *Lopez v. State* (1988), Ind., 527 N.E.2d 1119, 1130. To the contrary, an examination of the record indicates that trial counsel was not deficient. Beyond his assertions and allegations, Collins has failed to prove that he was deprived of a fair trial. Accordingly, we do not find fundamental error.

## IV

Collins asks us to decide whether the final instruction 10 tendered by the trial court to the jury was fundamental error. The instruction read as follows:

The rule of law which surrounds the Defendant with the presumption of innocence and requires the State to establish beyond a reasonable doubt every material allegation of the charges, is not intended to shield those who are in fact guilty, from just and merited punishment, but is a humane provision of the law, which is intended for the protection of the innocent and to guard, so far as human agencies can, against the conviction of those unjustly accused of crime.

▮ Defendant did not object to this instruction and thereby waives any error predicated on the giving of the instruction. *Cox v. State* (1985), Ind., 475 N.E.2d 664, 669. Nonetheless, for an error to be fundamental and transcend procedural requirements of objection at trial, an error must be blatant and the potential for harm must be substantial and clear. *Nelson v. State* (1980), 274 Ind. 218, 409 N.E.2d 637. The error must be so prejudicial that the Defendant could not have received a fair trial. *Thomas v. State* (1982), Ind.App., 442 N.E.2d 700, 701. Collins has not demonstrated fundamental error on this instruction.

Collins directs us to our supreme court's discussion of this very instruction. In its dicta, our supreme court stated, "Such instruction adds little, if any, elucidation for the jury. We recommend that it not be used in future cases." *Spradlin v. State* (1991), Ind., 569 N.E.2d 948, 951. This advisement made by our supreme court in dicta does not make the use of such instruction by a trial

court rise to the level of fundamental error. The conviction in *Spradlin* was reversed on other grounds. It appears, rather, that the Supreme Court of Indiana wishes to discourage the use of this instruction because it is not instructive to a jury. We will not expand our supreme court's dicta in *Spradlin* to make use of this instruction fundamental and reversible error.

 Moreover, jury instructions are not to be considered in isolation, but as a whole and with reference to each other. *Reinbold v. State* (1990), Ind., 555 N.E.2d 463. Jury instructions lie largely within the discretion of the trial court and will not require a reversal unless the error is of such a nature that the whole charge of which it forms a part misleads the jury as to the law of the case. *Jewell v. State* (1989), Ind., 539 N.E.2d 959, 961. Collins' jury was instructed to consider all the instructions together and not in isolation. His jury was also given extensive instructions regarding Collins' presumption of innocence and the State's burden of establishing each element of the charged offenses beyond a reasonable doubt. In light of the instructions as a whole, no fundamental reversible error occurred in the giving of final instruction 10.

### V

Collins also contends that statements made by the Prosecutor in final argument prejudiced him to a level of fundamental error. The remarks by the Prosecutor about which Collins complains are:

[I] have children and there are times when we must hide from our children. There are times we must hide from our friends that are staying over. There are times as teen-agers that we hid from our parents. Remember that, ladies and gentlemen. And it wasn't hard, it wasn't hard. And when we hid from our parents as teenagers as we necked and petted in, in the living room while they were in the family room or as we stayed in our car too long till Dad came out. As we did those things, we knew full well that we could hide ... You've done it, I've done it, Jerry Collins did it ... The attack on this young lady is an attack that I'm afraid I'm guilty of, I

have violated a curfew from my mother before ... I'm sorry, I hope my girls, I've got three (3) of 'em, I hope they go to a cheerleading camp. But in the same vein, I hope they never have to go through what JC has had to go through ... I've been mad at my mother lots of times, but I don't think I've ever come to the state where I would appear in a courtroom and be graphic in details of sexual activity in front of a twelve (12), excuse me, thirteen (13) people that I don't even know as well as an audience....

Collins argues that the Prosecutor was trying to convey to the jury that his lifestyle, beliefs, and family values were the same ones to which the jury should adhere, and this is fundamental error. Collins cites no authority for this proposition. Collins posits that these comments could have been construed by the jury as a comment on substantive evidence that they were not privy to, but that the prosecutor did know about. Nothing from these comments indicates that this is the case.

 Collins admits that he waived this issue on appeal for failure to object at the time the comments were made, but urges us to reverse because the comments placed him in grave peril. To gain reversal of his Child Molesting convictions due to prosecutorial misconduct, Collins must show: (1) the prosecutor's actions constituted misconduct by reference to established norms of professional conduct, and (2) that the ensuing prejudice placed him in a position of grave peril to which he should not have been subjected. *Everroad v. State* (1991), Ind., 571 N.E.2d 1240, 1244. Thus, even though a prosecutor's comments may be improper, they will not constitute reversible error unless they place appellant in such grave peril as to deny him a fair trial. *Caldwell v. State* (1987), Ind., 508 N.E.2d 27, 28.

 In determining whether Collins has been subjected to grave peril, we will look not at the degree of impropriety involved, but at its probable persuasive effect upon the jury. *Everroad*, 571 N.E.2d at 1245. "Reversal is required whether the evidence is close and the trial court fails to

alleviate the prejudicial effect." *Id.* Collins has failed to prove that the evidence was close and he merely asserts prejudice without substantiation. Moreover, the jury was instructed that the comments and arguments of counsel were not evidence and that they were free to accept or reject the arguments as they saw fit. Accordingly, we decline the invitation to reverse on the grounds of prosecutorial misconduct.

## VI

 We must finally determine whether the sentence imposed by the trial court is manifestly unreasonable. Collins would have us believe that the eighteen (18) year sentence imposed by the trial court was manifestly unreasonable in light of the nature of the offense and the character of the offender. A sentence is not manifestly unreasonable unless no reasonable person could find it appropriate to the particular offense and offender. *Ferrell v. State* (1991), Ind., 565 N.E.2d 1070. It is for the trial judge to determine the sentencing weight to be given the aggravating or mitigating circumstances. *Wesby v. State* (1989), Ind., 535 N.E.2d 133.

The sentencing judge found several aggravating and no mitigating circumstances. First, Collins posits that the trial judge erroneously found it an aggravating circumstance that he was a former police officer. The trial court's discretion in sentencing is regulated by IND.CODE § 35–38–1–7.1. The trial judge must consider certain factors in mitigation or aggravation, and may consider others. We have repeatedly held that the factors listed in subsection (b) are not exclusive and that a sentencing court is free to consider other relevant factors relating to the specific facts of the crime and the defendant's character. *See, e.g., Reinbold v. State* (1990), Ind., 555 N.E.2d 463. The fact that Collins had previously been a police officer was a valid consideration in determining aggravating circumstances. IND.CODE § 35–38–1–7.1(a) requires the trial court to consider a defendant's character in determining what sentence to impose. Further, this factor (previous occupation) is considered under IND.CODE § 35–38–1–7.1(d), which allows the trial court to consider other relevant factors.

Collins' previous occupation is relevant because it demonstrates that he was placed in a position of trust and that he was trained in the law. Accordingly, the trial court did not abuse its discretion in considering Collins' previous occupation to be an aggravating circumstance. Error, though none, would have been harmless due to the extensive list of other aggravating factors found by the trial court.

Finally, Collins argues it was error that the trial court did not find mitigating circumstances. The finding of mitigating circumstances is not mandatory, but rests within the trial court's discretion. *Wall v. State* (1991), Ind., 573 N.E.2d 890. The trial court is not obligated to explain why it has chosen not to make a finding of mitigation. *Gaddie v. State* (1991), Ind., 566 N.E.2d 535, 538.

Affirmed.

RILEY and HOFFMAN, JJ., concur.