Michael G. RUSSELL, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 184S8.

Supreme Court of Indiana.

Jan. 2, 1986.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Michael Russell was found guilty by a jury of Robbery, a Class B felony and determined to be an habitual offender. He was sentenced to ten years for the underlying offense, to which was added an additional thirty years. This appeal followed.

The evidence most favorable to the jury's verdict was that in the early morning hours of May 18, 1983, one Harold Raney was out for a walk in downtown Indianapolis when appellant and a female companion approached him. Appellant pointed a gun at the victim's head and demanded money. Raney complied and the two departed. Within moments, Raney flagged down Officer Joseph Zeimetz, told him what had happened, and gave him a brief description. Zeimetz drove off in the pursuit and found Russell and his friend nearby. He questioned them briefly, concluded that there was inadequate basis for an arrest, and allowed them to leave.

After searching the immediate area of the interrogation, Officer Zeimetz discovered a discarded gun and decided that an arrest was now justified. He drove to what he believed was appellant's destination and took him into custody. Returning to the location of the crime, Zeimetz presented appellant to his victim, who made an on site identification.

Appellant raises five issues:

1. Whether the trial court erred in denying his motion to dismiss the habitual offender charge.
2. Whether certain exhibits were properly admitted.
3. Whether the trial court erred by denying a request for continuance of the habitual offender proceeding.
4. Whether an instruction defining serious bodily injury was wrongly given.
5. Whether the verdict was supported by sufficient evidence.

On the first of these questions, appellant notes that six days before his trial was scheduled, the prosecutor filed an habitual offender allegation. The trial was subsequently continued and the cause dismissed and transferred to another division of the Marion Superior Court. Appellant appears to argue that this was a violation of Ind. Code § 35-34-1-5, which permits amendments of both form and substance up to thirty days before the omnibus date and provides for amendments in form at any time if they do not prejudice the substantial rights of the defendant.

■ Counsel urges that amending an habitual offender information cannot be fairly called an "amendment in form" and that his motion to dismiss should have been granted. Under nearly identical provisions of the Code, this Court held that the addition of an habitual offender charge could be permitted at any time so long as it does not prejudice the substantial rights of the defendant. *Gilmore v. State* (1981), 275 Ind. 134, 415 N.E.2d 70. In *Gilmore,* Justice Hunter noted that an habitual offender charge does not state a new crime but relates only to the penalty to be imposed in the event that the defendant is found guilty on the underlying offense. While appellant is correct in noting that a charge carrying the potential of such a substantial penalty would not normally be labelled a matter of form, we do not understand the recent amendments to the Code to indicate a legislative intent to overrule the lengthy line of cases of which *Gilmore* is a part. Accordingly, since appellant has not presented any explanation of the manner in

which he was prejudiced by the timing of the additional charge, his request that we vacate his conviction on these grounds is denied.

 Appellant objected at trial to State's Exhibits 6 and 8, which were copies of records from the Department of Corrections showing his previous felonies. These exhibits were admitted on the basis of the provisions of Ind. T.R. 44 permitting official records to be authenticated through the certificate of any public officer having a seal of office and having official duties in the political subdivision in which the record is kept. Counsel contends that the seal of the Department of Correction is not the seal of a public officer and that the records were therefore wrongly admitted. We regard the seal of the Department as meeting the requirements of the rule.

 State's Exhibit 8 had arrived in the mail on the morning of trial and the State provided it to the defendant the same day. Counsel for Russell asked the court for a continuance so that he could investigate the documents. After extensive discussion, the trial judge denied the motion, observing that none of the inquiries which counsel wanted to make concerning the exhibit had been made with respect to State's Exhibit 6, which was essentially the same sort of materials from a different offense. Requests for continuance to permit more time for preparation are generally not favored and this Court will reverse the decision of the trial court only where an abuse of discretion is shown. *Miller v. State* (1978), 267 Ind. 635, 372 N.E.2d 1168; *Keys v. State* (1979), 271 Ind. 52, 390 N.E.2d 148. We find the decision of the trial judge here to be within the range of his discretion.

 Appellant objected to the trial court's instruction defining "serious bodily injury". He argues that this instruction misled the jury since there was not any evidence upon which an instruction concerning injury could be based. He is quite correct that there was not any such evidence and thus it was error to give the instruction. However, it is difficult to see

how the jury could have been misled. The trial judge properly charged the jury on the various classifications of robbery upon which a verdict could be rendered. None of these required any finding concerning serious bodily injury. Under these circumstances, we are satisfied that the error was harmless.

 Finally, appellant claims that there was insufficient evidence upon which to render a verdict. He points to the testimony that the victim had been drinking at the time of the robbery and states that the victim's testimony identifying appellant as the man who robbed him is therefore insufficient. Of course, this is simply an invitation that this Court reweigh the evidence that was presented to the jury. We will not set aside a verdict unless it is based on testimony which is inherently improbable. *Rodgers v. State* (1981), Ind., 422 N.E.2d 1211. The testimony of victim Raney was adequate to sustain the conviction.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.