**Kenneth R. BEESLEY, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 03S00–8712–CR–1120.

Supreme Court of Indiana.

Jan. 18, 1989.

Chris D. Monroe, Columbus, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On June 29, 1987, Kenneth R. Beesley was found guilty by jury of child molesting, a class C felony, and was found to be a habitual offender. He was sentenced to eight (8) years imprisonment for the charge of child molesting, and thirty (30) years for the habitual offender finding, the terms to be served consecutively. He directly appeals raising two issues for our review:

1. whether the trial court erred in denying his motion for continuance, and

2. whether the trial court erred in failing to grant his motion for psychiatric examination.

I

Beesley claims the trial court failed to comply with IC 35–34–1–5(d) when it granted the State's motion to amend without a hearing and denied his motion for continuance. He also claims the State failed to comply with the notice requirement of IC 35–34–1–5(b). The trial court allowed the State to amend the habitual offender charge to the information 4 days after the omnibus hearing and 24 days before trial. Beesley filed a motion for continuance alleging he did not have adequate time to prepare a defense for the new charge. The court denied the motion.

An amendment to an information to add a habitual offender charge is based on section (c) not (b) or (d) of IC 35–34–1–5. *Hutchinson v. State* (1983), Ind., 452 N.E.2d 955, 957. Further, this court has approved the State's right to amend by adding a habitual offender count at any time so long as it does not prejudice the substantial rights of the defendant. *Russell v. State* (1986), Ind., 487 N.E.2d 136, 137; *Radford v. State* (1984), Ind., 468 N.E.2d 219, 222; *Gilmore v. State* (1981), 275 Ind. 134, 137, 415 N.E.2d 70, 73.

Beesley complains the court's failure to grant the continuance denied defense counsel an opportunity to prepare to defend the habitual offender portion of the trial and penalized Beesley for having requested an early trial. However, Beesley fails to demonstrate how the filing of the amended information almost three weeks prior to trial prejudiced a substantial right. Since Beesley was given adequate time to prepare a defense, the amendment to add the habitual criminal count did not prejudice his substantial rights. The court did not abuse its discretion in denying the continuance.

## II

■ Beesley claims the trial court abused its discretion by failing to grant his motion for psychiatric examination to determine his competence to stand trial. The trial court denied Beesley's motion for psychiatric examination, noting Beesley had been before the court several times for hearings and he had been in the law library on several occasions doing research.

The trial court must hold a competency hearing when the court has reasonable grounds to believe that defendant lacks the ability to understand the proceedings and assist in the preparation of his defense. IC 35–36–3–1. A hearing is required only when there is evidence before the court that creates a reasonable and bona fide doubt as to defendant's competency to stand trial. *Brown v. State* (1987), Ind., 516 N.E.2d 29, 30; *Timmons v. State* (1986), Ind., 500 N.E.2d 1212, 1217. The court is required to appoint psychiatrists only after determining that reasonable grounds for the hearing exist. *Timmons,* 500 N.E.2d at 1217. The trial judge can observe a defendant's demeanor and determine defendant to be competent to stand trial. *Id.* The trial court is vested with the discretion to determine whether reasonable grounds exist to order evaluation of competency. *Brown,* 516 N.E.2d at 30. Such determination will be disturbed on review only for abuse of discretion. *Id.*

Here the court had no reasonable grounds to question Beesley's ability to understand the proceedings or to assist in his defense. At the hearing held on the matter, Beesley stated he thought he was competent and could assist in the preparation of his case. Beesley was coherent, responsive to the questions posed to him, stated he understood the charges, and had communicated with his attorney. Beesley also related he had spoken with witnesses. The trial court had an adequate basis for the determination that a psychiatric evaluation was not necessary. Beesley fails to show an abuse of discretion.

## III

■ We address a third issue *sua sponte.* The sentence imposed by the trial court is erroneous in that Beesley was given consecutive sentences of eight (8) years for child molesting and thirty (30) years for the habitual offender finding. "The status of being an habitual criminal does not establish a separate crime. It merely provides for the imposition of an enhanced penalty for the instant crime." *Henson v. State* (1984), Ind., 467 N.E.2d 750, 752. *See also Richardson v. State* (1985), Ind., 481 N.E.2d 1310, 1314. Here the penalty imposed by the court for the child molesting conviction should have been enhanced because of the habitual offender finding. Beesley should, therefore, have received a single enhanced sentence by the trial court.

Accordingly, this cause is remanded to the trial court with instructions to specify the sentence to be enhanced by reason of the habitual offender finding. The trial court is in all other respects affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.