Donald SINGLETON, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 45A03–0712–PC–551.

Court of Appeals of Indiana.

June 26, 2008.

**36**

Donald Singleton, Michigan City, IN, Pro Se Appellant.

Steve Carter, Attorney General of Indiana, Arturo Rodriguez II, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Donald E. Singleton was charged with two counts of attempted murder for events that took place in October 1988. Eighteen months after Singleton's omnibus date, the State amended the charging information to include the charge that Singleton was a habitual offender. Singleton's trial counsel did not object to this amendment, and, after a jury trial, Singleton was convicted as charged. On direct appeal, Singleton's appellate counsel did not raise any issues pertaining to the propriety of the habitual offender charge, and we affirmed his convictions and sentence. Singleton later filed a petition for post-conviction relief, which was denied. On appeal of the denial of his petition for post-conviction relief, Singleton contends that his trial counsel was ineffective for failing to object to the State's late filing of the habitual offender count and that his appellate counsel was ineffective for failing to raise this issue on direct appeal. Concluding that trial counsel's performance was not deficient in failing to challenge the late amendment and that appellate counsel also did not perform deficiently in failing to raise this issue, we affirm.

### Facts and Procedural History

The facts as reported in Singleton's direct appeal are as follows:

On October 7, 1988, Sheila Calmese lived with her then ten-year-old daughter, Telethia Jones, at 405 Progress Court in Gary. Around 5:30 p.m. that day, Calmese got a ride from Tracy Wilson to a liquor store so that Calmese could buy cigarettes. After Wilson drove Calmese home, the two were seated in Wilson's car in the parking lot in front of Calmese's residence when Singleton and Felicia Washington pulled up

and also stopped in the parking lot. Singleton then got out of his car, began to beat on Wilson's car with a wooden bat, yelled that Calmese was a "bitch" and ordered her to exit the vehicle. Transcript at 41. Wilson exited his car and locked Calmese inside. Then, Jones came out from her and Calmese's residence and told Singleton to leave her mother alone. Singleton pushed Jones away, and Calmese told her to go back inside the house. Singleton then ran up to Jones and hit her in the head with the bat. After Jones had fallen to the ground and was not moving, he hit her a few more times.

As Singleton beat Jones, Calmese exited the car and approached Singleton. He then turned and beat Calmese with the bat. He struck her on the head and arms approximately fifteen times. At some point, Calmese told Washington that she would pay for bringing Singleton to her house. Singleton stated, "What did you say?" and then struck Calmese in the mouth with the bat.

When Singleton left, both Calmese and Jones were transported to the hospital by ambulance. Calmese suffered multiple scalp lacerations and lacerations to her lower lip and thumb. Jones suffered a brain contusion, a left shoulder contusion, a possible left frontal shoulder fracture, and multiple somatic contusions.

*Singleton v. State,* 45A03–0307–CR–250, slip op. at 2–3, 801 N.E.2d 212 (Ind.Ct. App. Dec. 17, 2003).

The State initially charged Singleton with two counts of attempted murder. Appellant's App. p. 54. At an initial hearing, the trial court set the omnibus date[1] for January 26, 1989. *Id.* at 11. Several continuances were subsequently sought and granted for the omnibus hearing, resulting in the omnibus date eventually being reset for January 25, 1990. *Id.* at 9.[2] On July 18, 1990, two things happened. First, the parties informed the court that they had not been able to reach an agreement regarding a proposed plea agreement. *Id.* at 8. Then, the State filed an additional charge, alleging that Singleton was a habitual offender for having committed two prior unrelated felonies.[3] *Id.* at 55. Singleton's attorney did not object to this amendment of the charging information.[4] The case proceeded to a jury trial,

---

1. As our Supreme Court recently explained:

 The omnibus date is the date from which various other procedural deadlines are to be established. Ind.Code § 35–36–8–1 provides that the judicial officer must set an omnibus date at the initial hearing. The date must not be sooner than forty-five days or later than seventy-five days after the initial hearing, unless the prosecution and defense agree otherwise. With few exceptions, as listed in § 35–36–8–1(d), the omnibus date is maintained until final disposition of the case.

 *Fajardo v. State,* 859 N.E.2d 1201, 1203 n. 4 (Ind.2007).

2. Both parties refer in their briefs to the omnibus date as January 26, 1989. However, the Chronological Case Summary reflects that the omnibus date was moved ahead to January 25, 1990. Appellant's App. p. 9. Once an "omnibus date is set, it remains the omnibus date for the case until final disposition, unless specific statutory factors are met." *Johnican v. State,* 804 N.E.2d 211, 214 (Ind.Ct.App. 2004) (citing Ind.Code § 35–36–8–1(d)). Whether the omnibus date was the 1989 or the 1990 date has no bearing upon our analysis.

3. Ind.Code § 35–50–2–8.

4. We were not provided with the record of the underlying trial proceedings and are therefore unable to independently verify that no objection was lodged. However, the State agrees with Singleton that his trial counsel did not object to the amendment. Appellee's Br. p. 4.

for which Singleton did not appear.[5] *Id.* at 8. The jury found Singleton guilty as charged on all three counts. *Id.* He was sentenced to an aggregate term of seventy-four years.

Singleton appealed, making no argument regarding the amendment of the charging information, and we affirmed his convictions in an unpublished memorandum decision. *Singleton,* 45A03–0307–CR–250. Singleton later filed a *pro se* petition for post-conviction relief, alleging, among other things, that he was denied the effective assistance of trial counsel because his trial attorney did not object to the late filing of the habitual offender count and that he was denied the effective assistance of appellate counsel because his appellate attorney did not raise this issue on direct appeal. Appellant's App. p. 22. The Public Defender of Indiana filed a notice of non-representation, *id.* at 30–31, and Singleton proceeded to a hearing on his petition *pro se.* After a hearing, the post-conviction court denied the petition. *Id.* at 53. Singleton now appeals.

### Discussion and Decision

■■■ Singleton appeals the denial of post-conviction relief. The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment, *Fisher v. State,* 810 N.E.2d 674, 679 (Ind.2004), and we will not reverse the judgment unless the evidence unerringly and unmistakably leads to the opposite conclusion, *Patton v. State,* 810 N.E.2d 690, 697 (Ind.2004). We also note that the post-conviction court in this case entered findings of fact and con-

clusions of law in accordance with Indiana Post–Conviction Rule 1(6). We will reverse a post-conviction court's findings and judgment only upon a showing of clear error, which is that which leaves us with a definite and firm conviction that a mistake has been made. *Hall v. State,* 849 N.E.2d 466, 468 (Ind.2006). Such deference is not given to conclusions of law, which we review *de novo.* *Taylor v. State,* 882 N.E.2d 777, 781 (Ind.Ct.App.2008).

■■■ In post-conviction proceedings, claims that are known and available at the time of direct appeal, but are not argued, are waived. *Timberlake v. State,* 753 N.E.2d 591, 597 (Ind.2001), *reh'g denied.* They cannot be subsequently raised in the post-conviction setting. *Reed v. State,* 856 N.E.2d 1189, 1193–94 (Ind.2006). An exception to the waiver rule, however, is the argument that a defendant was deprived of the right to effective counsel as guaranteed by the Sixth Amendment to the United States Constitution. *See Sanders v. State,* 765 N.E.2d 591, 592 (Ind.2002). This claim may be raised for the first time in a petition for post-conviction relief. *Woods v. State,* 701 N.E.2d 1208, 1210 (Ind.1998), *reh'g denied.* We therefore proceed to address Singleton's arguments regarding the performance of his trial and appellate counsel. We review the effectiveness of trial and appellate counsel under the two-part test provided by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Bieghler v. State,* 690 N.E.2d 188, 192–93 (Ind. 1997), *reh'g denied.* A claimant must demonstrate that counsel's performance fell below an objective level of reasonableness based upon prevailing professional norms and that the deficient performance result-

---

**5.** Singleton apparently absconded from Indiana and was apprehended four years later in Utah. Tr. p. 50.

ed in prejudice. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052. "Prejudice occurs when the defendant demonstrates that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Grinstead v. State,* 845 N.E.2d 1027, 1031 (Ind.2006) (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052).

On appeal, Singleton makes two arguments pertaining to ineffective assistance of counsel. First, he argues that he was denied the effective assistance of trial counsel because his trial attorney failed to object to the late filing of the habitual offender count and, second, he argues that he was denied the effective assistance of appellate counsel because his appellate attorney did not raise this issue on direct appeal.

## I. Trial Counsel

■ Singleton contends that he received ineffective assistance of trial counsel because his trial attorney did not object to the late filing of the habitual offender charge. In support of this allegation, Singleton argues that the statute in effect at the time of his trial "categorically prohibited 'any amendment as to a matter of substance unless made thirty days before the omnibus date for felonies and fifteen days before the omnibus date for misdemeanors.'" Appellant's Br. p. 7 (quoting *Fajardo v. State,* 859 N.E.2d 1201, 1207 (Ind. 2007)). Thus, he argues, because the State did not amend the information to add the habitual offender charge until well after the omnibus date, the amendment was untimely and his trial counsel was ineffective for failing to object to the amendment.

The threshold question that we must address is whether counsel rendered deficient performance by failing to object to the amendment. At the time of Singleton's offenses, Indiana Code § 35–34–1–5 permitted amendments of charges against a defendant under certain circumstances.[6] Indiana Code § 35–34–1–5 (1988) provided in part:

> (b) The indictment or information may be amended in matters of substance or form, and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant, at any time up to:
>> (1) thirty (30) days if the defendant is charged with a felony; or
>> (2) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;
> (c) Upon motion of the prosecuting attorney, the court may, at any time before, during, or after the trial, permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

Ind.Code § 35–34–1–5 (1988). In support of his argument, Singleton points to the language of the statute and to our Supreme Court's recent landmark decision in *Fajardo,* 859 N.E.2d 1201. He highlights *Fajardo's* articulation of how to determine whether an amendment is one of form or substance and contends that his trial counsel performed deficiently in failing to object to the addition of an additional charge, a substantive amendment, because the amendment occurred too late under Indiana Code § 35–34–1–5(b)(1) (1988). We disagree.

---

6. The Indiana Legislature subsequently added a statutory provision providing a framework expressly for the addition of habitual offender charges. P.L. 164–1993, Sec. 7 (1993), *codi-* *fied at* Ind.Code § 35–34–1–5(e). No such provision existed on the date of Singleton's offense or during his underlying criminal proceedings.

In *Fajardo,* the State had been permitted to add a felony charge after the omnibus date. The defendant appealed, contending that the amendment did not comport with Indiana Code § 35–34–1–5(b), as it was an amendment of substance and therefore had to take place prior to thirty days before the omnibus date. On appeal, this Court did not apply Indiana Code § 35–34–1–5(b)'s prohibition upon substantive amendments after the statutory deadline. Looking to the case law available at the time, we observed: "[A]mendments [related to substance] are permissible provided the substantial rights ... are not offended." *Fajardo v. State,* 32A01–0501–CR–6, slip op. at 6, 841 N.E.2d 248 (Ind.Ct.App. Dec. 13, 2005) (quoting *Tripp v. State,* 729 N.E.2d 1061, 1064 (Ind.Ct.App.2000)), *trans. granted, opinion vacated; see also Davis v. State,* 714 N.E.2d 717, 721–22 (Ind.Ct.App.1999). We relied upon then-current precedent from our Supreme Court that "[u]ltimately, the question is whether the defendant had a reasonable opportunity to prepare for and defend against the charges," *Fajardo,* 32A01–0501–CR–6 at 6 (quoting *Sides v. State,* 693 N.E.2d 1310, 1313 (Ind.1998)), and concluded that the late amendment was permissible.

Our Supreme Court granted transfer in *Fajardo* and reversed in an opinion handed down on January 16, 2007. *Fajardo,* 859 N.E.2d 1201.[7] The *Fajardo* Court laid out the history of Indiana law relating to the amendment of matters of substance and form and highlighted the confusion within the Indiana courts between 1982 and 2007 about the application of Indiana Code § 35–34–1–5(b). Describing the case law post–1982 as "inconsistent and conflicting" and "often ... imprecisely disregarding the subsection 5(b) timeliness requirement for amendments to substance in favor of the absence of prejudice requirement that subsections 5(a)(9) and 5(c) apply only to amendments of form," *id.* at 1206, *Fajardo* clarified that Indiana Code § 35–34–1–5(b) required that substantive amendments to charges had to be filed within the statutory timeframe and that the question of prejudice was irrelevant to this inquiry, *id.* at 1207.[8]

Singleton now looks to our Supreme Court's holding in *Fajardo* and contends that it supports a finding that his trial counsel should have recognized that Indiana Code § 35–34–1–5(b) "categorically prohibited" the late addition of his habitual offender charge. *See* Appellant's Br. p. 7. What *Fajardo* makes clear, however, is the degree of confusion in the Indiana courts for a period of approximately twenty-five years regarding when the State could properly amend matters of substance in charging informations. *Fajardo,* 859 N.E.2d at 1206. Indeed, *Fajardo* lists cases from this Court and our Supreme Court that looked beyond the Indiana Code § 35–34–1–5(b) timeliness requirement and focused upon whether an amendment prejudiced a defendant in determining whether the amendment was permissible. *Id.* at 1206–07 (citing *Brown v. State,* 728 N.E.2d 876, 879–80 (Ind. 2000); *Sides,* 693 N.E.2d at 1312–13;

---

7. The Indiana Legislature amended Indiana Code § 35–34–1–5(b) in response to *Fajardo.* Indiana Code § 35–34–1–5(b) now provides that the State may amend indictments or informations in matters of substance "at any time ... before the commencement of trial; if the amendment does not prejudice the substantial rights of the defendant."

8. Another panel of this Court recently determined that post-conviction petitioners are not entitled to the retroactive application of *Fajardo. Leatherwood v. State,* 880 N.E.2d 315, 321 (Ind.Ct.App.2008), *reh'g denied, trans. pending.*

*Wright v. State,* 593 N.E.2d 1192, 1197 (Ind.1992); *Kindred v. State,* 540 N.E.2d 1161, 1170 (Ind.1989); *Chambers v. State,* 540 N.E.2d 600, 601–02 (Ind.1989); *Cornett v. State,* 536 N.E.2d 501, 505 (Ind. 1989); *Haymaker v. State,* 528 N.E.2d 83, 86 (Ind.1988); *Hegg v. State,* 514 N.E.2d 1061, 1063 (Ind.1987); *Brooks v. State,* 497 N.E.2d 210, 214 (Ind.1986); *Graves v. State,* 496 N.E.2d 383, 387 (Ind.1986); *Laughner v. State,* 769 N.E.2d 1147, 1158 (Ind.Ct.App.2002), *trans. denied; Jones v. State,* 766 N.E.2d 1258, 1262–63 (Ind.Ct. App.2002), *trans. denied; Townsend v. State,* 753 N.E.2d 88, 95 (Ind.Ct.App.2001), *trans. not sought; Tripp,* 729 N.E.2d at 1064–65; *Smith v. State,* 718 N.E.2d 794, 800 (Ind.Ct.App.1999), *trans. denied; Taylor v. State,* 677 N.E.2d 56, 67 (Ind.Ct.App. 1997), *trans. denied; Hart v. State,* 671 N.E.2d 420, 427 (Ind.Ct.App.1996), *trans. not sought; Todd v. State,* 566 N.E.2d 67, 69 (Ind.Ct.App.1991), *trans. not sought; State v. Gullion,* 546 N.E.2d 121, 122–23 (Ind.Ct.App.1989), *trans. not sought* ).

Again, the relevant inquiry when determining whether an attorney rendered deficient performance is whether his or her performance fell below an objective level of reasonableness based upon prevailing professional norms. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052. The case law available to Singleton's counsel at the time of trial would have indicated to a reasonable attorney that the untimeliness of an amendment, whether a matter of substance or form, would not necessarily render the amendment impermissible. *See Radford v. State,* 468 N.E.2d 219, 222 (Ind. 1984) ("The very nature of the habitual offender charge permits the State to add this allegation at any time up to the moment of trial. When faced with this situation, a defendant has the right to seek a continuance. This continuance must be granted when the defendant can demonstrate prejudice to a substantial right.");

*Beesley v. State,* 533 N.E.2d 112, 112 (Ind. 1989). Further, case law from our Supreme Court at the time of Singleton's trial provided that the addition of a habitual offender charge was a matter of form rather than a matter of substance, thus removing such an amendment from the time requirements of Indiana Code § 35–34–1–5(b). *Russell v. State,* 487 N.E.2d 136, 137–38 (Ind.1986); *see also Beesley,* 533 N.E.2d at 112. Singleton's trial counsel did not perform deficiently in failing to object to the late addition of the habitual offender charge. Therefore, Singleton's ineffective assistance of trial counsel claim fails.

## II. Appellate Counsel

 Singleton alleges that his appellate counsel was ineffective for failing to argue on direct appeal that the trial court erred in allowing the State to belatedly amend his charging information to include the habitual offender charge. When evaluating an ineffective assistance of appellate counsel claim for failure to raise issues that should have been raised on appeal, we will only find deficient performance where "the omitted issues were significant, obvious, and clearly stronger than those presented." *Wrinkles v. State,* 749 N.E.2d 1179, 1203 (Ind.2001) (citation omitted). Appellate counsel is not ineffective for failing to raise issues that are unlikely to succeed. *See Trueblood v. State,* 715 N.E.2d 1242, 1259 (Ind.1999), *reh'g denied.*

As we have already discussed, the case law in existence at the time of Singleton's direct appeal indicated that this Court and our Supreme Court incorporated a prejudice component into the analysis of whether amendments of charging informations of either substance or form were permissible. Thus, Singleton's appellate counsel did not know that a late amendment, if one of substance, was statutorily prohibited.

Counsel's performance is not deficient for the failure to anticipate a change in the law. *Stephenson v. State*, 864 N.E.2d 1022, 1032 (Ind.2007), *reh'g denied*. We have addressed Singleton's contention that his trial counsel erred in failing to object to the late amendment and concluded that he is not entitled to relief. Where we determine that a defendant did not receive ineffective assistance of trial counsel, the defendant "can neither show deficient performance nor resulting prejudice as a result of his appellate counsel's failure to raise [the] argument[s] on appeal." *Davis v. State*, 819 N.E.2d 863, 870 (Ind.Ct.App. 2004), *trans. denied*. Singleton's ineffective assistance of appellate counsel claim fails.

The judgment of the post-conviction court is affirmed.

MAY, J., and MATHIAS, J., concur.