## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Aug 12 2015, 9:02 am
CLERK
of the supreme court,
court of appeals and
tax court

**APPELLANT PRO SE**

David M. Jones
Pendleton, Indiana

**ATTORNEYS FOR APPELLEE**

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David M. Jones,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

August 12, 2015

Court of Appeals Case No.
48A02-1410-PC-731

Appeal from the Madison Superior Court.
The Honorable Thomas Newman, Jr., Judge.
Cause No. 48D03-0908-PC-264

**Garrard, Senior Judge**

[1] David M. Jones appeals the denial of his petition for post-conviction relief. We affirm.

[2] The facts of the case, as taken from Jones' direct appeal, are as follows:

> [T]he victim, Jones' ex-wife [Donna Jones], saw Jones at her place of employment, a bar, on July 19, 1988. Jones had a bulge in his shirt which appeared to be a gun. Jones left the bar and telephoned the victim, threatening to shoot her. The victim notified the police of Jones' threat, and she left work early.
>
> On the way home, while stopped at a stop sign, the victim noticed Jones in a car in the adjoining lane. Jones was sitting with his head and torso out of the vehicle, which was being driven by a young woman and which also contained one other passenger. Jones pointed his gun at the victim and fired three shots in the direction of her car. The car then sped away.
>
> Jones was arrested and charged with recklessness, a class D felony. Jones was also alleged to be an habitual class D felony offender on the basis of his 1979 conviction for possession of marijuana, a class D felony, and his 1982 conviction for operating a motor vehicle while an habitual traffic offender, a class D felony. After a trial by jury on August 7th and 8th, 1989, Jones was convicted on both counts and he received a four-year term of imprisonment for his recklessness conviction, enhanced by eight years due to his status as an habitual class D felony offender, for a total term of imprisonment of twelve years.

*Jones v. State*, 569 N.E.2d 975, 977 (Ind. Ct. App. 1991).

[3] Jones appealed and raised several issues, including a challenge to the sufficiency of the evidence supporting his conviction of recklessness. A panel of this Court affirmed his conviction and sentence. *Id.* at 983.

[4] In 2009, Jones filed a petition for post-conviction relief. The post-conviction court held an evidentiary hearing on Jones' petition over several days. On the

final day of the hearing, the court orally denied the petition.[1] This appeal followed.

[5] Jones raises seven issues on appeal, but five of them are procedurally defaulted. We address two issues on the merits: (1) whether the post-conviction court erred in denying Jones' claim of newly discovered evidence; and (2) whether the post-conviction court erred in denying Jones' petition without issuing findings of fact and conclusions thereon.

## A. Procedural Default

[6] Post-conviction proceedings do not afford a petitioner with a super-appeal, and not all issues are available. *Mallory v. State*, 954 N.E.2d 933, 935 (Ind. Ct. App. 2011). Claims that are known and available at the time of direct appeal, but are not argued, are waived. *Singleton v. State*, 889 N.E.2d 35, 38 (Ind. Ct. App. 2008). Here, Jones argues that the original trial court erred by allowing the State to present testimony on rebuttal from a witness that had not previously been included on the State's witness list. He further argues that the State violated his federal and state rights to due process of law prior to the original trial by failing to produce the gun with which he allegedly committed the crime. Jones also claims that the original trial court erred by allowing the State to

---

[1] Jones included a copy of the post-conviction transcript in his Appellant's Appendix. We remind Jones that Appellate Rule 50(F) provides that parties should not reproduce any part of the transcript in the Appendix because the transcript is separately transmitted to the Court.

present evidence of alleged prior bad acts by Jones. These claims could have been raised in Jones' direct appeal and are waived.

[7] As a general rule, when a reviewing court decides an issue on direct appeal, the doctrine of res judicata applies, thereby precluding its review in post-conviction proceedings. *Jervis v. State*, 28 N.E.3d 361, 368 (Ind. Ct. App. 2015), *trans. denied*. Jones claims that there is insufficient evidence to sustain his conviction for recklessness. This claim was raised and adjudicated in his direct appeal and is barred by res judicata.

## B. Newly Discovered Evidence

[8] Jones argues that the trial court should not have rejected his claim of newly discovered evidence, which he asserts establishes that he is innocent of criminal recklessness.

[9] When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Kubsch v. State*, 934 N.E.2d 1138, 1144 (Ind. 2010). To prevail on appeal, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.*

[10] When reviewing a post-conviction court's decision as to whether new evidence mandates a new trial, we consider whether: (1) the evidence has been discovered since the trial; (2) it is material and relevant; (3) it is not cumulative; (4) it is not merely impeaching; (5) it is not privileged or incompetent; (6) due diligence was used to discover it in time for trial; (7) the evidence is worthy of

credit; (8) it can be produced upon a retrial of the case; and (9) it will probably produce a different result at retrial. *Bradford v. State*, 988 N.E.2d 1192, 1198 (Ind. Ct. App. 2013), *trans. denied*. The burden of showing that all nine requirements are met rests with the petitioner. *Kubsch*, 934 N.E.2d at 1145.

[11] At the post-conviction hearing, Jones presented testimony from Christopher Wallis, who had been dating Donna Jones when the crime occurred and later married her, from Wallis' mother Beverly, and from Jones' trial attorney, John Ribble.

[12] Jones attempted several times to have Wallis testify that Donna had told him that she had lied about the shooting, but the State objected on grounds of hearsay, and the post-conviction court sustained the objections. The post-conviction court properly sustained the objections because Wallis' statements were inadmissible hearsay—out of court statements offered to prove the truth of the matter asserted. Ind. Evidence Rules 801(c), 802. These statements do not amount to admissible evidence. Wallis further testified, without objection, that he told his mother that Jones did not commit the crime. However, Wallis also testified that he was not present at the scene of the crime, so this statement appears to be irrelevant and unworthy of credit.

[13] Beverly testified, without objection, that Christopher had told her that Jones did not commit the crime. She further testified that Donna told her that she had lied about the crime. These statements are hearsay that would not be admissible at retrial and are thus incompetent. Beverly also testified that she

told Jones' trial attorney, Ribble, that Donna had lied about the event. This evidence does not appear to be worthy of credit because it was apparently based on Donna's statement to Beverly, which was inadmissible hearsay.

[14] Ribble testified that Beverly had told him she overheard Wallis and Donna stating that they had lied about the shooting. He also testified that Wallis had told him that Wallis had encouraged Donna to make up the event to get Jones put in jail. Once again, these statements were inadmissible hearsay and thus incompetent for purposes of deciding whether they constituted newly discovered evidence.

[15] In addition, Wallis, Beverly, and Ribble's statements all share another flaw: they are merely impeaching. Donna testified at Jones' original trial, and her testimony was sufficient to sustain Jones' conviction for criminal recklessness. *Jones*, 569 N.E.2d at 980. Donna died prior to the post-conviction hearing. The evidence Jones presented at the post-conviction hearing may have called Donna's testimony into question, but evidence that simply calls prior testimony into question does not amount to newly discovered evidence that requires a new trial. *Cf. State v. McCraney*, 719 N.E.2d 1187, 1190 (Ind. 1999) (determining that a witness's complete recantation of prior testimony was more than impeaching because it was freestanding evidence of innocence that obliterated the witness's own prior, inculpatory testimony). We cannot conclude that the evidence, taken as a whole, leads to a conclusion opposite that reached by the post-conviction court.

# C. Findings of Fact and Conclusions Thereon

Jones asserts that the post-conviction court erred by failing to issue findings of fact and conclusions thereon denying his petition for post-conviction relief.

A post-conviction court shall make specific findings of fact and conclusions of law on all issues presented. Ind. Post-Conviction Rule 1(6). A post-conviction court's failure to enter specific findings of fact and conclusions of law in ruling on a petition is not reversible error when the issues are sufficiently presented for review and addressed by the parties. *Neville v. State*, 663 N.E.2d 169, 174 (Ind. Ct. App. 1996). In this case, the parties adequately addressed the one claim that was properly preserved for appellate review, so there is no reason to remand for the issuance of findings of fact and conclusions thereon.

For the foregoing reasons, we affirm the judgment of the post-conviction court.

Kirsch, J., and Bradford, J., concur.