## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 28 2017, 6:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Jeremy Lahr
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeremy Lahr,
*Appellant-Petitioner,*

v.

State of Indiana,
*Appellee-Respondent.*

June 28, 2017

Court of Appeals Case No.
02A03-1701-PC-136

Appeal from the Allen Superior Court

The Honorable John F. Surbeck, Jr., Judge

Trial Court Cause No.
02D04-1601-PC-8

**Robb, Judge.**

# Case Summary and Issue

Following a jury trial in 2010, Jeremy Lahr was convicted of five counts of child molesting, one count of fondling in the presence of a minor, and one count of dissemination of matter harmful to minors. The trial court sentenced Lahr to an aggregate sentence of sixty years. On direct appeal, Lahr argued the trial court abused its discretion in admitting certain evidence and we affirmed Lahr's conviction. In 2016, Lahr began pursuing post-conviction relief. Lahr, pro se, now appeals the denial of his petition for post-conviction relief, raising one issue for our review which we restate as whether the post-conviction court erred in determining he did not receive ineffective assistance of appellate counsel. Concluding the post-conviction court did not err, we affirm.

# Facts and Procedural History

We summarized the facts of this case in Lahr's direct appeal:

> K.M. was born in April 1998. Lahr began dating K.M.'s mother, C.C., when K.M. was six years old. When K.M. was seven years old, she and her mother moved in with Lahr and his two sons. Between April 2004 and December 2008, Lahr molested K.M. On one occasion, Lahr pulled down his and K.M.'s pants. He then attempted to stick his "private" in K.M.'s "butt." Lahr also touched the "inside" of K.M.'s "private." Lahr then ejaculated and cleaned himself off with a towel. Lahr did this to K.M. "every time" he woke her up for school. On other occasions, Lahr kissed K.M. on the mouth and licked her breasts. Sometimes when K.M. and Lahr were in the computer room, Lahr showed K.M. pornography on the computer and stuck his fingers inside K.M.'s vagina. Lahr also made K.M. put her

mouth on his penis and masturbate him with her hand until he ejaculated. Lahr told K.M. not to tell anyone.

On December 12, 2008, Fort Wayne Community Schools nurse Suzette Moore talked to K.M. about good and bad touches. K.M. cried and said that her mother's boyfriend had been touching her vaginal area. Nurse Moore immediately called the Department of Child Services.

DCS case manager Daniel Whiteley went to K.M.'s home that very day. Lahr answered the door, and Whiteley indicated why he was there. Lahr said he wanted to be present during Whiteley's interview with K.M. and her mother C.C, but Lahr eventually agreed to leave the house. After Whiteley spoke with K.M. and C.C, C.C. said that she and K.M. would immediately leave the house and go stay with a relative.

Forensic interviewer Julie DeJesus interviewed K.M. at the Child Advocacy Center one week later on December 19, 2008. K.M. was ten years old at the time. K.M. told DeJesus that Lahr had molested her on numerous occasions.

*Lahr v. State*, 02A03-1006-CR-337, slip op. at *1 (Ind. Ct. App. Feb. 14, 2011), *trans. denied*.

[3] The State charged Lahr with five counts of child molesting, three counts as Class A felonies and two counts as Class C felonies; one count of fondling in the presence of a minor, a Class D felony; and one count of dissemination of matter harmful to minors, a Class D felony. A jury found Lahr guilty as charged.

[4] At sentencing, the trial court found as an aggravating factor that Lahr held a position of trust over K.M., and as a mitigating factor that Lahr lacked a criminal history. The court sentenced him to thirty years for each Class A felony conviction, four years for each Class C felony conviction, and one and one-half years for each Class D felony conviction. The trial court ordered Counts I and II be run consecutively and the rest concurrently, for an aggregate sentence of sixty years.

[5] On direct appeal, Lahr raised one issue: whether the trial court erred in admitting certain testimony from the forensic interviewer, DeJesus. We affirmed Lahr's conviction.

[6] In January 2016, Lahr filed a pro se petition for post-conviction relief arguing ineffective assistance of appellate counsel. On December 29, 2016, the post-conviction court entered findings of fact and conclusions of law denying Lahr's petition for post-conviction relief. Lahr, pro se, now appeals.

# Discussion and Decision

## I. Post-Conviction Standard of Review

[7] Post-conviction proceedings are not an opportunity for a super-appeal. *See Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001), *cert. denied*, 537 U.S. 839 (2002). Rather, they create a narrow remedy for subsequent collateral challenges to convictions that must be based on grounds enumerated in the

post-conviction rules. *See id.* The petitioner must establish his claims by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5).

[8]     A petitioner who has been denied post-conviction relief faces a "rigorous standard of review" on appeal. *Dewitt v. State*, 755 N.E.2d 167, 169 (Ind. 2001). In reviewing the judgment of a post-conviction court, we consider only the evidence and reasonable inferences supporting the judgment. *Hall v. State*, 849 N.E.2d 466, 468 (Ind. 2006). We may not reweigh the evidence or reassess the credibility of the witnesses. *Id.* at 468-69. The post-conviction court's denial of post-conviction relief will be affirmed unless the evidence leads "unerringly and unmistakably to a decision opposite that reached by the post-conviction court." *McCary v. State*, 761 N.E.2d 389, 391 (Ind. 2002). Only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court reached the opposite conclusion, will the court's findings or conclusions be disturbed as being contrary to law. *Hall*, 849 N.E.2d at 469. Finally, we do not defer to the post-conviction court's legal conclusions, but we do accept its factual findings unless they are clearly erroneous. *Stevens v. State*, 770 N.E.2d 739, 746 (Ind. 2002), *cert. denied*, 540 U.S. 830 (2003).

## II. Ineffective Assistance of Appellate Counsel

[9]     Lahr contends the post-conviction court erroneously determined he did not receive ineffective assistance of appellate counsel. On direct appeal, appellate counsel raised one issue: whether the trial court erred in admitting certain testimony from DeJesus. Lahr argues appellate counsel should have raised two

other issues: whether his sentence was inappropriate and whether the trial court improperly determined he was a credit restricted felon. To establish ineffective assistance of appellate counsel, Lahr must show appellate counsel was deficient in his performance and the deficiency resulted in prejudice. *Garrett v. State* 992 N.E.2d 710, 719 (Ind. 2013).

[10] Appellate counsel is not ineffective for failing to raise issues that are unlikely to succeed. *See Singleton v. State*, 889 N.E.2d 35, 41 (Ind. Ct. App. 2008). When a defendant claims ineffective assistance of appellate counsel due to the omission of an issue,

> [A] post-conviction court is properly deferential to appellate counsel's choice of issues for appeal unless such a decision was unquestionably unreasonable. Such deference is appropriate because the selection of issues for direct appeal is one of the most important strategic decisions of appellate counsel. Appellate counsel's performance, as to the selection and presentation of issues, will thus be presumed adequate unless found unquestionably unreasonable considering the information available in the trial record or otherwise known to appellate counsel. In crafting an appeal, counsel must choose those issues which appear from the face of the record to be most availing. Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues. Thus, to prevail in such claim in post-conviction proceedings, it is not enough to show that appellate counsel did not raise some potential issue; instead, the defendant must show that the issue was one which a reasonable attorney would have thought availing.

*Hampton v. State*, 961 N.E.2d 480, 491-92 (Ind. 2012) (citations and internal quotation marks omitted). Applying this standard to the present case, we cannot say appellate counsel acted unreasonably.

## A. Lahr's Sentence

Indiana Appellate Rule 7(B) empowers appellate courts to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

Lahr argues his sentence likely would have been reduced if challenged on direct appeal. He points to several other cases in which our supreme court exercised its authority to revise a sentence downward. In *Walker v. State*, 747 N.E.2d 536, 538 (Ind. 2001), the Indiana Supreme Court revised the defendant's forty-year sentences for twice performing oral sex on a child to run concurrently instead of consecutively. In *Serino v. State*, 798 N.E.2d 852, 858 (Ind. 2003), the Indiana Supreme Court reduced the defendant's 385-year sentence for numerous sexual acts with a teenage boy to three consecutive thirty-year terms. And in *Harris v. State*, 897 N.E.2d 927, 930 (Ind. 2008), the Indiana Supreme Court revised the defendant's fifty-year sentences for two counts of child molesting to run concurrently instead of consecutively. Lahr argues the facts of those cases are similar to his case and therefore his sentence also would have been reduced if appealed. We disagree.

[13]   As the post-conviction court and the State emphasized, Lahr faced a maximum sentence of 172 years. Lahr's sixty-year aggregate sentence accounts for little more than one-third of the maximum sentence. In that respect, Lahr's sentence is already comparable to the revised sentences in *Walker* and *Harris*. While Serino's revised sentence represented less than one-fifth the maximum he faced, the Indiana Supreme Court noted the "substantial uncontested testimony from numerous witnesses speaking to Serino's positive character traits." *Serino*, 798 N.E.2d at 858. In particular, the victim's mother asked the trial court to impose less than a life sentence and added, "If he gets the minimum, that is fine with us." *Id.* Such testimony is not present here. As a result, Lahr's comparisons to those cases as evidence his sentence would be reduced are unpersuasive.

[14]   We are also not persuaded, considering only the facts of Lahr's case, that his sentence is inappropriate in light of the nature of the offense and his character. As to the nature of the offense, Lahr held a position of trust in relation to the victim. Lahr dated K.M.'s mother and K.M. lived in Lahr's home. Lahr took advantage of that position of trust by repeatedly molesting K.M. The molestations began when K.M. was only seven years old and continued for over four years. As detailed by the State, "Lahr kissed K.M., licked K.M's breasts, showed his penis to K.M., penetrated K.M.'s vagina with his fingers, anally penetrated her with his penis, had K.M. perform oral sex on him, and showed K.M. explicit, pornographic images that included naked pictures of her own mother." Brief of Appellee at 11.

[15] Next, we consider Lahr's character. In arguing his sentence is inappropriate, Lahr points to his lack of criminal history. However, the lack of a criminal record is not uncommon in child molestation cases, and Lahr's actions took place over a long period of time. He began molesting K.M. when she was seven-years-old and the molestations continued for four years. The long duration of Lahr's actions reflect negatively on his character. In sum, Lahr's sentence is not inappropriate in light of the nature of the offense and his character.

[16] Lastly, the State is correct to note that an appeal seeking a reduction of Lahr's sentence could have resulted in an increased sentence instead. When a defendant requests appellate revision of a criminal sentence, the court may "affirm, reduce, or increase the sentence." *McCullough v. State*, 900 N.E.2d 745, 750 (Ind. 2009). Lahr's sentence was barely over one-third of the maximum. Appellate counsel could have reasonably chosen not to appeal the sentence because of the risk the sentence would be increased.

[17] Considering Lahr's sentence was barely over one-third the maximum possible, the nature of the offense and his character, and the risk of an increased sentence on appeal, Lahr has not shown appellate counsel acted unreasonably by omitting this issue. Therefore, the post-conviction court did not err in denying Lahr's petition on this claim.

## B. Credit Restricted Felon

[18] Lahr also argues the trial court improperly determined he was a credit restricted felon under Indiana Code section 35-41-1-5.5 (2008). The statute took effect on July 1, 2008. Therefore, Lahr must have molested K.M. at least once after June 30, 2008 in order to be considered a credit restricted felon. Lahr argues the State provided insufficient evidence he molested K.M. after June 30, 2008, and that his appellate counsel was ineffective for omitting that issue on direct appeal. We disagree.

[19] K.M. reported Lahr's actions in December 2008, five months after the statute took effect. K.M. testified that Lahr molested her every time he woke her up for school when her mother was away at work. In addition, K.M.'s mother testified that she worked in the early mornings during September and October of 2008. Therefore, it is reasonable to infer that Lahr molested K.M. at least once after June 30, 2008. *See Sharp v. State*, 970 N.E.2d 647, 648 n.1 (Ind. 2008) (noting victim's testimony that defendant molested him "about every other weekend" for the two years preceding October 2008 provided sufficient evidence to infer defendant molested him after June 30, 2008). Based on these facts, appellate counsel did not act unreasonably by choosing not to appeal this issue. Consequently, the post-conviction court did not err in denying Lahr's petition on this claim.

# Conclusion

[20] Concluding the post-conviction court did not err in denying Lahr's petition for relief on his claim of ineffective assistance of appellate counsel, we affirm.

[21] Affirmed.

Vaidik, C.J., and Bailey, J., concur.