**James STAFFORD, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 81A04–0802–CR–58.**

Court of Appeals of Indiana.

July 22, 2008.

---

**3.** Inasmuch as we find in Safe Auto's favor on this basis, we need not consider its other arguments on appeal.

Stephen H. Rabe, Richmond, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

James Stafford appeals his convictions for burglary as a class B felony[1] and theft as a class D felony.[2] Stafford raises two issues, which we revise and restate as:

I. Whether the trial court abused its discretion by admitting evidence where a delay of six days occurred between Stafford's arrest and a probable cause hearing;

II. Whether the trial court abused its discretion by denying Stafford's motion for a continuance, which was filed due to late disclosures and the amendment of charging informations.

We affirm.

The relevant facts follow. On the morning of September 1, 2007, Stafford told his roommate, Bethany Davis, that he was going to take her car, and Stafford and Robert Boggs, Jr., left in Davis's car. That same morning, Gina Robinson and her children left their house, which they shared with Randy Schuck, to attend a yard sale. Schuck also left the house in the morning and returned around 11:00 a.m. to find a silver car in the driveway. Schuck entered his home and saw someone he did not recognize standing at the front door. This individual "took off running" and "jumped" in the silver car. Transcript at 162. Schuck wrote down the license plate number of the car.

Schuck then heard someone coming up his basement steps. Schuck "ran into" Stafford, and a "scuffle" ensued. *Id.* at 164. Stafford yelled, "[W]e got to go; we got to bail," to someone in the basement. *Id.* at 165. Schuck ran outside and called the police. Robinson returned home to find her jewelry box and purse empty, with six one hundred dollar bills missing from her purse. A portable DVD player and $300 from a dresser drawer were also missing.

The police located the silver car near an abandoned church. The car contained a police scanner and was registered to Davis, Stafford's roommate. Some time later, Wayne County Sheriff's Deputy Eric Fields located Stafford and Boggs walking along a road. Stafford and Boggs were

---

1. Ind.Code § 35–43–2–1 (2004).

2. Ind.Code § 35–43–4–2 (2004).

"very nervous," and Stafford told Deputy Fields that they had been fishing even though they had no fishing gear. *Id.* at 182. Stafford told Deputy Fields that Davis took him down to the fishing lakes. Deputy Fields placed Stafford and Boggs in handcuffs and read them their *Miranda* warnings. During a patdown search of Stafford, Wayne County Sheriff's Deputy Lee Lindley found three one hundred dollar bills.

On September 6, 2007, the State charged Stafford with burglary as a class B felony and theft as a class D felony.[3] On September 7, 2007, the trial court held a probable cause hearing[4] and issued an order finding probable cause for Stafford's arrest.

On October 12, 2007, Stafford filed a motion for a speedy trial. On November 7, 2007, the trial court held a pretrial conference, informed the parties that it needed final witness and exhibit lists by November 26, 2007, and set a jury trial for December 11, 2007.

On November 26, 2007, Stafford moved for discharge and filed a motion to suppress "all evidence" due to the delay between his arrest and the time of the probable cause hearing. Appellant's Appendix at 70. The trial court denied Stafford's motion for discharge and his motion to suppress evidence.

On September 18, 2007, the State filed its first disclosure statement. On November 2, 2007, the State filed its second disclosure statement. On November 30, 2007, the State filed its third and fourth disclosure statements and its exhibit and witness list, which included Robinson, Schuck, Davis, Deputy Fields, and Deputy Lindley. On December 4, 2007, the State filed its fifth and sixth disclosure statements. On December 7, 2007, the State filed its seventh disclosure statement. On December 10, 2007, the State filed its eighth disclosure statement.

On December 7, 2007, the State filed a second amended charging information. The amended theft charge added Robinson as a victim. On December 10, 2007, the trial court held an initial hearing, and Stafford objected to the State's second amended information because "Indiana Code 35–34–1–5 ... says that any Amended Information must be filed ... within thirty days before the commencement of a felony trial" and because Robinson was not listed in discovery until after the discovery deadline. Transcript at 36. The trial court found that the amended informations did not prejudice Stafford's rights and allowed the second amended informations.

On December 10, 2007, Stafford filed a motion for continuance because the prosecutor filed disclosure statements after the discovery deadline and had not given Stafford "sufficient time to explore these statements and the physical evidence disclosed." Appellant's Appendix at 96. The trial court denied Stafford's motion for a continuance.

---

3. On September 13, 2007, the State amended the charging information. The amended information does not appear to contain any substantive changes other than that the amended theft charge alleged that Stafford committed the offense on "September 1, 2007" while the original theft charge alleged that Stafford committed the offense "on or about, [sic] 2007." Appellant's Appendix at 2, 28.

4. The State concedes that a probable cause hearing occurred on September 7, 2007. A copy of the chronological case summary is not included in Stafford's appendix. We direct Stafford's attention to Ind.App. Rule 50(A)(2)(a), which requires an appellant's appendix to contain a copy of the chronological case summary.

After a jury trial that occurred on December 11 and 12, 2007, Stafford was convicted as charged. The trial court sentenced Stafford to twenty years for burglary as a class B felony and three years for theft as a class D felony. The trial court ordered that the sentences be served concurrently.

## I.

 The first issue is whether the trial court abused its discretion by admitting evidence where a delay of six days occurred between Stafford's arrest and a probable cause hearing. Although Stafford originally challenged the admission of the evidence through a motion to suppress, he now challenges the admission of the evidence at trial. "Thus, the issue is ... appropriately framed as whether the trial court abused its discretion by admitting the evidence at trial." *Lundquist v. State,* 834 N.E.2d 1061, 1067 (Ind.Ct.App.2005) (quoting *Washington v. State,* 784 N.E.2d 584, 587 (Ind.Ct.App.2003)). Our standard of review of rulings on the admissibility of evidence is essentially the same whether the challenge is made by a pre-trial motion to suppress or by trial objection. *Id.* (cit-

ing *Ackerman v. State,* 774 N.E.2d 970, 974–75 (Ind.Ct.App.2002), *trans. denied*). We reverse only where the decision is clearly against the logic and effect of the facts and circumstances. *Joyner v. State,* 678 N.E.2d 386, 390 (Ind.1997), *reh'g denied.* We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Lundquist,* 834 N.E.2d at 1067 (citing *Collins v. State,* 822 N.E.2d 214, 218 (Ind.Ct. App.2005), *trans. denied*). However, we must also consider the uncontested evidence favorable to the defendant. *Id.* Even if the trial court's decision was an abuse of discretion, we will not reverse if the admission constituted harmless error. *Fox v. State,* 717 N.E.2d 957, 966 (Ind.Ct. App.1999), *reh'g denied, trans. denied.*

Stafford argues that the facts that there was no determination of probable cause until six days after his arrest and he was not brought before a judicial officer until September 10, 2007, violated the Fourth and Fourteenth Amendments to the United States Constitution,[5] Sections 11 and 12 of Article 1 of the Indiana Constitution,[6] Indiana Code § 35–33–7–1,[7] and Union

---

**5.** The Fourth Amendment to the United States Constitution provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The Fourteenth Amendment to the United States Constitution provides, in part, that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law...."

**6.** Section 11 of Article 1 of the Indiana Constitution provides:
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated; and no warrant shall issue, but

upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.
Section 12 of Article 1 of the Indiana Constitution provides:
All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay.

**7.** Ind.Code § 35–33–7–1 provides:
(a) A person arrested without a warrant for a crime shall be taken promptly before a judicial officer:
(1) in the county in which the arrest is made; or

County Circuit Local Rule LR81–CR00–1.[8] Therefore, Stafford argues that the trial court abused its discretion by admitting the evidence.

■ We first note that Stafford did not object to Schuck's description of finding Stafford in his home, Schuck's identification of Stafford, or the officers' testimony regarding his arrest. Thus, Stafford has waived any argument regarding the admission of this evidence. *See Wright v. State,* 593 N.E.2d 1192, 1194 (Ind.1992) ("When the trial court denies a motion to suppress evidence …, the moving party must renew his objection to admission of the evidence at trial. If the moving party does not object to the evidence at trial, then any error is waived.") (citation omitted), *cert. denied,* 506 U.S. 1001, 113 S.Ct. 605, 121 L.Ed.2d 540 (1992), *abrogated on other grounds by Fajardo v. State,* 859 N.E.2d 1201, 1206–1207 (Ind.2007).

■ Waiver notwithstanding, we will address the merits of Stafford's claims. Even assuming that Stafford's detention prior to a probable cause hearing was unreasonable,[9] we cannot say that this requires suppression of the evidence. The normal remedy for the violation of such a delay is the suppression of the evidence obtained during the unreasonable delay. *Buie v. State,* 633 N.E.2d 250, 258 (Ind. 1994), *reh'g denied, abrogated on other grounds by Richardson v. State,* 717 N.E.2d 32 (Ind.1999). It is the defendant's burden "to show the delay between his arrest and the initial hearing was both *prejudicial* and unreasonable." *Anthony v. State,* 540 N.E.2d 602, 605 (Ind.1989) (emphasis added).

■ Here, neither Stafford's motion to dismiss nor his appellate brief specifies which evidence should have been suppressed or not admitted. Stafford does not show how he was prejudiced by the delay or argue that the evidence presented at trial resulted from the delay. Thus, we conclude that the trial court did not abuse its discretion by admitting the evidence. *See Anthony,* 540 N.E.2d at 605 (holding that the defendant failed to meet the burden to show that the delay between his arrest and the initial hearing was prejudicial when he "ma[de] no claim or showing that he was not represented by counsel, that he was unaware of the charges against him and his right to respond to them, nor that his preparation of a defense

---

(2) of any county believed to have venue over the offense committed; for an initial hearing in court.

(b) Except as provided in subsection (c), if the person arrested makes bail before the person's initial hearing before a judicial officer, the initial hearing shall occur at any time within twenty (20) calendar days after the person's arrest.

(c) If a person arrested under IC 9–30–5 makes bail before the person's initial hearing before a judicial officer, the initial hearing must occur within ten (10) calendar days after the person's arrest.

**8.** Union County Circuit Local Rule LR81–CR00–1 provides, in part, that "[a] person arrested and incarcerated without a warrant should be released from custody within forty-eight (48) hours of arrest unless a judicial

determination of probable cause for arrest has been obtained or extraordinary circumstances exists which prohibit the holding of a hearing on probable cause within forty-eight (48) hours."

**9.** An individual detained following a warrantless arrest is entitled to a "prompt" judicial determination of probable cause as a prerequisite to any further restraint on his liberty. *Griffith v. State,* 788 N.E.2d 835, 840 (Ind. 2003) (citing *Gerstein v. Pugh,* 420 U.S. 103, 114, 95 S.Ct. 854, 863, 43 L.Ed.2d 54 (1975)). "[A] jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein." Id.* (quoting *County of Riverside v. McLaughlin,* 500 U.S. 44, 56, 111 S.Ct. 1661, 1670, 114 L.Ed.2d 49 (1991)).

was impeded in any way"); *see also Griffith v. State*, 788 N.E.2d 835, 841 (Ind. 2003) (holding that defendant's confession was not the product of delay in bringing him before the magistrate and the trial court correctly declined to suppress it); *Peterson v. State*, 674 N.E.2d 528, 539 (Ind.1996) ("It is only when the confession is the product of that detention that it must be suppressed."), *reh'g denied, cert. denied*, 522 U.S. 1078, 118 S.Ct. 858, 139 L.Ed.2d 757 (1998).

## II.

■■■ The next issue is whether the trial court abused its discretion by denying Stafford's motion for a continuance, which was filed due to late disclosures and the amendment of charging informations. Stafford does not argue that his motion for continuance was based on a reason identified in Ind.Code § 35–36–7–1,[10] which governs continuances. Rulings on nonstatutory motions for continuance lie within the discretion of the trial court and will be reversed only for an abuse of that discretion and resultant prejudice. *Maxey v. State*, 730 N.E.2d 158, 160 (Ind.2000). An abuse of discretion occurs only where the decision is clearly against the logic and effect of the facts and circumstances. *Palmer v. State*, 704 N.E.2d 124, 127 (Ind. 1999). We will not conclude that the trial court abused its discretion unless the defendant can demonstrate prejudice as a result of the trial court's denial of the motion for continuance. *Dorton v. State*, 419 N.E.2d 1289, 1295 (Ind.1981). Continuances to allow more time for preparation are not favored and are granted only by showing good cause and in the furtherance

of justice. *Timm v. State*, 644 N.E.2d 1235, 1237 (Ind.1994).

Stafford argues that the trial court abused its discretion by denying his motion for a continuance because: (A) the State violated the trial court's discovery order by filing its exhibit and witness list and disclosure statements beyond the discovery deadline; and (B) the State filed its second amended information four days before the trial.

### A. *Exhibit and Witness List and Disclosure Statements*

■■■ On September 18, 2007, the State filed its first disclosure statement. On November 2, 2007, the State filed its second disclosure statement. The State filed its third and fourth disclosure statements and its exhibit and witness list, which included Robinson, Schuck, Davis, Deputy Fields, and Deputy Lindley, on November 30, 2007, four days after the discovery deadline and eleven days before the scheduled trial. While the State filed additional disclosure statements, Stafford does not specify what this evidence was, how this evidence was used at trial, or how he was prejudiced by the evidence included in these disclosure statements. We conclude that Stafford has failed to show how he was prejudiced by the State's late disclosure statements and that the trial court did not abuse its discretion by denying Stafford's motion for a continuance. *See Green v. State*, 575 N.E.2d 296, 301 (Ind. Ct.App.1991) (holding that it was not apparent that defendant was prejudiced by the State's failure to meet all discovery deadlines imposed by the trial court); *Fink v. State*, 469 N.E.2d 466, 470 (Ind.Ct. App.1984) (noting that "[i]n light of the

---

**10.** Ind.Code § 35–36–7–1 provides, in part:

(a) A motion by a defendant to postpone a trial because of the absence of evidence may be made only on affidavit showing:

(1) that the evidence is material;

(2) that due diligence has been used to obtain the evidence; and

(3) the location of the evidence.

defendant's repeated insistence upon a speedy trial, the trial court was justified in refusing to grant the continuance sought by defendant's newly-retained attorney"), *reh'g granted on other grounds*, 471 N.E.2d 1161 (Ind.Ct.App.1984).

## B. *Second Amended Information*

■ Stafford also states that "[i]t should be noted that the State filed Amended Informations on both counts only four days before the scheduled jury trial" and "[t]he second Amended Information listed an additional victim who [Stafford] could not reasonably have deposed with four days notice." Appellant's Brief at 14–15. To the extent that Stafford argues that the trial court abused its discretion by denying Stafford's motion for a continuance because the State's second amended information prejudiced him, we note that Ind.Code § 35–34–1–5 (Supp. 2007),[11] which governs amendments to charging informations, provides in relevant part:

(b) The indictment or information may be amended in matters of substance and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant at any time:

(1) up to:

(A) thirty (30) days if the defendant is charged with a felony; or

(B) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;

before the omnibus date; or

(2) before the commencement of trial;

if the amendment does not prejudice the substantial rights of the defendant. When the information or indictment is amended, it shall be signed by the prosecuting attorney or a deputy prosecuting attorney.

(c) Upon motion of the prosecuting attorney, the court may, at any time before, during, or after the trial, permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

(d) Before amendment of any indictment or information other than amendment as provided in subsection (b) of this section, the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment, the court shall, upon mo-

---

**11.** In *Fajardo v. State*, 859 N.E.2d 1201 (Ind. 2007), the Indiana Supreme Court addressed the prior version of Ind.Code § 35–34–1–5(b), which provided:

(b) The indictment or information may be amended in matters of substance or form, and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant, at any time up to:

(1) thirty (30) days if the defendant is charged with a felony; or

(2) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;

before the omnibus date. When the information or indictment is amended, it shall be signed by the prosecuting attorney.

The Court clarified that the prior version of Ind.Code § 35–34–1–5 categorically prohibited "any amendment as to matters of substance unless made thirty days before the omnibus date for felonies and fifteen days before the omnibus date for misdemeanors." 859 N.E.2d at 1207 (relying on Ind.Code § 35–34–1–5(b) (2004)) (footnote omitted). After *Fajardo* was decided, the Legislature amended Ind.Code § 35–34–1–5 so that a charging information may be amended at any time prior to trial as long as such amendment does not prejudice the substantial rights of the defendant. *See* Pub.L. No. 178–2007, § 1 (eff. May 8, 2007). We address the current version of the statute, which was in effect at the time of Stafford's offense.

tion by the defendant, order any continuance of the proceedings which may be necessary to accord the defendant adequate opportunity to prepare his defense.

 Even assuming, without deciding, that the amendment in this case, which added Robinson as a victim to the charge of theft as a class D felony, was one of substance,[12] we conclude that the amendment did not prejudice Stafford's substantial rights. These substantial rights include a right to sufficient notice and an opportunity to be heard regarding the charge; and, if the amendment does not affect any particular defense or change the positions of either of the parties, it does not violate these rights. *Sides v. State,* 693 N.E.2d 1310, 1312–13 (Ind.1998), *abrogated on other grounds by Fajardo,* 859 N.E.2d at 1206–1207. "Ultimately, the question is whether the defendant had a reasonable opportunity to prepare for and defend against the charges." *Id.* at 1313.

Here, the amendment in this case, which was filed four days before the trial, added Robinson as a victim to the charge of theft as a class D felony, while Randy Schuck remained listed as a victim in both informations. The State filed its witness list, which included Robinson, on November 30, 2007, eleven days before the trial. The amendment did not add another charge. The date of the offense, the items stolen, and the location of the offense remained the same. Stafford objected to the second amended information at the initial hearing, and the trial court found that the amended information did not prejudice Stafford's rights. On the facts and circumstances before us, we conclude that the second amended information did not prejudice Stafford's substantial rights, and Stafford

had a reasonable opportunity to prepare for and defend against the charge against him. Thus, we hold that the trial court did not abuse its discretion when it denied Stafford's motion for a continuance. *See Jones v. State,* 863 N.E.2d 333, 338–339 (Ind.Ct.App.2007) (holding that the trial court did not err by allowing the State to amend the information from possession of cocaine to possession of a narcotic drug, specifically heroin, because the defendant's substantial rights were not prejudiced).

For the foregoing reasons, we affirm Stafford's convictions for burglary as a class B felony and theft as a class D felony.

Affirmed.

NAJAM, J., and DARDEN, J., concur.

---

12. We note that written notice was given to Stafford before the commencement of the tri- al.