**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**ANDREW J. BORLAND**
Borland & Gaerte
Indianapolis, Indiana

**RUTH JOHNSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Feb 28 2012, 9:13 am

*[signature]*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| J.F., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1108-JV-422 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Gary K. Chavers, Judge Pro Tempore
The Honorable Geoffrey A. Gaither, Magistrate
Cause No. 49D09-1012-JD-3455

**February 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

While investigating an auto accident involving three teenagers, a police officer saw two of the teens repeatedly strike the third teen on the head. The officer arrested the two perpetrators for battery and conducted a search incident to arrest. During the search, he found that one of the perpetrators, J.F., had drugs and paraphernalia in his pocket.

The State filed a delinquency petition against J.F., alleging battery and three drug-related offenses. The State later dismissed the battery allegation. At a factfinding hearing, the juvenile court admitted as evidence the drugs and paraphernalia seized from J.F.'s pocket and entered true findings against J.F. on two drug possession counts and one count of paraphernalia possession. J.F. now appeals, claiming that the juvenile court abused its discretion in admitting the contraband seized from his pocket. Finding that the juvenile court acted within its discretion, we affirm.

**Facts and Procedural History**

On December 10, 2010, Indianapolis Metropolitan Police Officer Christopher Taylor was dispatched to a two-vehicle automobile accident. One of the vehicles had been driven by M.G., a juvenile. J.F. and A.K., also juveniles, were passengers in M.G.'s vehicle. Because M.G.'s vehicle was not drivable, her father arrived to pick up the three teens. While M.G.'s father completed paperwork with Officer Taylor, the three teens sat in the back seat of the father's pick-up truck. When Officer Taylor looked toward the truck, he saw A.K. throw "several blows" at M.G.'s head and saw J.F. lean over A.K.'s back and throw blows at M.G. Tr. at 9. He immediately pulled A.K. and J.F. from the truck, handcuffed them, and arrested

2

them for battery.  He searched both of them incident to the arrest and found that J.F.'s pockets contained twelve Xanax pills, a package of marijuana cigarettes, and a pipe.  During the search, M.G. approached Officer Taylor and claimed that J.F. had not battered her.

On December 13, 2010, the State filed a delinquency petition alleging that J.F. had committed acts which, if committed by an adult, would constitute class D felony possession of a controlled substance, class A misdemeanor possession of marijuana, class A misdemeanor possession of paraphernalia, and class B misdemeanor battery.  The State later dismissed the battery count, and the juvenile court conducted a factfinding hearing on June 2, 2010, during which Officer Taylor was the State's sole witness.  At the close of the hearing, the juvenile court entered true findings on the three drug-related counts.  This appeal ensued. Additional facts will be provided as necessary.

### Discussion and Decision

J.F. contends that the trial court abused its discretion in admitting evidence seized from his pocket shortly after his arrest for battery.  We review a trial court's decision to admit evidence using an abuse of discretion standard.  *Stafford v. State*, 890 N.E.2d 744, 748 (Ind. Ct. App. 2008).  An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it.  *Id*.

J.F. predicates his admissibility claim solely upon his assertion that Officer Taylor's testimony regarding the basis for the battery arrest was incredibly dubious and that, therefore,

3

the contraband was not the product of a search incident to a lawful arrest.[1]  Although

appellate courts generally do not impinge upon a jury's function to judge the credibility of a

witness, we may apply the "incredible dubiosity" rule to assess witness credibility.  *Fajardo*

*v. State*, 859 N.E.2d 1201, 1208 (Ind. 2007).

> Under the incredible dubiosity rule, if a sole witness presents inherently
> improbable testimony and there is a complete lack of circumstantial evidence,
> a defendant's conviction may be reversed. This is appropriate only where the
> court has confronted inherently improbable testimony or coerced, equivocal,
> wholly uncorroborated testimony of incredible dubiosity.  Application of this
> rule is rare and the standard to be applied is whether the testimony is so
> incredibly dubious or inherently improbable that no reasonable person could
> believe it.

*Surber v. State*, 884 N.E.2d 856, 868-69 (Ind. Ct. App. 2008) (citations and quotation marks

omitted), *trans. denied*.  The fact that the sole witness gives inconsistent testimony does not

render such testimony incredibly dubious.  *See Fonner v. State*, 876 N.E.2d 340, 343 (Ind. Ct.

App. 2007) (mere inconsistency of trial testimony by officer did not establish incredible

dubiosity); *see also Moore v. State*, 827 N.E.2d 631, 640-41 (Ind. Ct. App. 2005) (minor

inconsistencies in sole witness's testimony did not render his testimony incredibly dubious,

but instead went to weight and were issues for the trier of fact), *trans. denied*.  The incredible

dubiosity rule has been limited to situations where the witness's testimony is *inherently*

contradictory, meaning that he contradicts himself in a single statement or while testifying,

---

[1]  If an arrest is lawful, a police officer may conduct a warrantless search of the arrestee without any additional probable cause for the search.  *Bryant v. State*, 959 N.E.2d 315, 319-20 (Ind. Ct. App. 2011). "Probable cause to arrest exists when the officer has knowledge of facts and circumstances that would warrant a person of reasonable caution to believe that a suspect has committed or is in the process of committing a criminal act." *Edmond v. State*, 951 N.E.2d 585, 589 (Ind. Ct. App. 2011).

not via multiple statements. *Glenn v. State*, 884 N.E.2d 347, 356 (Ind. Ct. App. 2008), *trans. denied*. *See also Buckner v. State*, 857 N.E.2d 1011, 1018 (Ind. Ct. App. 2006) (stating that incredible dubiosity rule applies to conflicts in trial testimony rather than conflicts between pretrial and trial testimony).

Here, the sole witness at the factfinding hearing, Officer Taylor, testified that he saw J.F. strike M.G. In a taped pretrial interview, Officer Taylor stated that he saw what "appeared to be both of them were attacking M.G.," but when asked if he saw J.F. actually hit M.G. or make contact with her, he responded, "No, I didn't." Tr. at 12. At the factfinding hearing, defense counsel cross-examined Officer Taylor regarding his prior inconsistent statement, and Officer Taylor stated, "If I made that statement, which I believe that is my voice that I heard, I was inaccurate. I did as well as the father of [M.G.] observe [J.F.] punching [M.G.]." *Id*. at 13. When asked about M.G.'s statement to him that J.F. was not battering her but was protecting her, Officer Taylor confirmed that M.G. had made the statement, but testified, "I know I observed [J.F.] striking [M.G.] …. It appeared to me that he was striking [M.G.] as well as [A.K.]." *Id*. at 16. When asked if he was simply making an assumption, Officer Taylor replied, "No, I saw what I saw." *Id*.

We conclude that Officer Taylor's testimony was not inherently improbable, coerced, or sufficiently equivocal as to be "incredibly dubious." Instead, any inconsistency that existed was between his prior taped statement and his in-court testimony, which he attempted to clarify during trial. The inconsistency between his pretrial and in-court statements went to the weight of his testimony and was therefore a matter for the juvenile court to decide. Based

on the foregoing, we conclude that the trial court acted within its discretion in believing Officer Taylor's testimony that he had probable cause to arrest J.F. for battery and that the contraband was therefore the product of a search incident to a lawful arrest. Accordingly, we affirm.

Affirmed.

MAY, J., and BROWN, J., concur.