## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 17 2019, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David A. Vincent, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 17, 2019 <br><br> Court of Appeals Case No. <br> 19A-CR-422 <br><br> Appeal from the Floyd Superior Court <br><br> The Honorable Susan L. Orth, Judge <br><br> Trial Court Cause No. <br> 22D01-1809-F5-1814 |

**Tavitas, Judge.**

## Case Summary

[1] David A. Vincent appeals his conviction for possession of methamphetamine, a Level 5 felony. We affirm.

## Issue

[2] Vincent raises one issue on appeal, which we restate as whether the trial court erred in admitting evidence of Vincent's prior bad acts during his jury trial.

## Facts

[3] On September 7, 2018, Officer Ryan Peake with the New Albany Police Department responded to a call at 10:38 p.m., indicating that a male was "passed out" in the driver's seat of a vehicle at a restaurant and, when the male woke, he drove, striking a pole and a parked vehicle in the parking lot. Tr. Vol. I p. 70. When Officer Peake arrived at the restaurant, he met Vincent standing outside a vehicle. Vincent reported to Officer Peake that Vincent had fallen asleep while in the drive-thru of the restaurant. There were no other passengers in the vehicle.

[4] When Officer Peake ran the license plate of Vincent's vehicle, Officer Peake noticed the license plate was reported stolen. Officer Peake then arrested Vincent and read him his *Miranda* rights. Vincent agreed to speak with Officer Peake and informed Officer Peake that the vehicle belonged to Vincent's

brother, but that Vincent drove the vehicle a few times a week.[1] Vincent told Officer Peake he did not know anything about the stolen license plate. Subsequently, Officer Peake called a tow truck to impound the vehicle and conducted an inventory search of the vehicle. While doing so, Officer Peake discovered, under the driver's seat, a clear plastic bag of crystal-like substance. Vincent denied knowing anything about the bag; however, Officer Peake testified that the bag was within arm's reach of the driver's seat. Lab results confirmed that the substance was 6.59 grams of methamphetamine.

[5] Officer Peake took Vincent to the Floyd County Jail; however, the jail personnel requested that Vincent be medically cleared first because he was involved in a motor vehicle accident. Officer Peake and Vincent went to the hospital and waited in the emergency room for approximately five and one-half hours before hospital staff could evaluate and clear Vincent. While waiting at the hospital, Vincent told police that Vincent used methamphetamine three days prior to the incident. Vincent was medically cleared, and Officer Peake returned Vincent to the Floyd County Jail.

[6] On September 10, 2018, the State charged Vincent with Count I, possession of methamphetamine, a Level 5 felony; and Count II, theft, a Class A misdemeanor. Before trial began, Vincent filed a motion to suppress the statements Vincent made to police regarding his prior methamphetamine use.

---

[1] Officer Peake was able to determine that the vehicle was registered to Justin Barger, whom Vincent indicated was his brother, and the vehicle was not reported stolen.

The trial court denied Vincent's motion to suppress concluding that Vincent's statements demonstrated "something other than his propensity to commit the crime at hand," and specifically that the evidence could be used to demonstrate "lack of accident, for intent, for knowledge." *Id.* at 23. The trial court also concluded that the probative value outweighed the prejudicial effect.

[7] The trial court told Vincent that the trial court would consider an objection if Vincent raised it during trial, to which Vincent's counsel informed the trial court that counsel "anticipate[d] objecting" to the evidence during trial. *Id.* at 24. During Vincent's jury trial, Officer Peake testified as to Vincent's statements, however, Vincent did not object to the testimony. Vincent did not call any witnesses in his defense. The jury found Vincent guilty of Count I and not guilty of Count II. Vincent now appeals.

## Analysis

[8] Vincent argues that the trial court improperly admitted evidence regarding Vincent's prior conduct during his jury trial. Vincent initially filed a motion to suppress the statements regarding his prior methamphetamine use, and the motion to suppress was denied. During the jury trial, however, Vincent did not object to the testimony regarding Vincent's prior methamphetamine use. Accordingly, Vincent has waived this issue for appeal. *See Stafford v. State,* 890 N.E.2d 744, 749 (Ind. Ct. App. 2008) (quoting *Wright v. State,* 593 N.E.2d 1192, 1194 (Ind. 1992), *abrogated on other grounds by Fajardo v. State,* 859 N.E.2d 1201-1206-1207 (Ind. 2007)) (holding that once a trial court denies a motion to suppress, "the moving party must renew his objection to admission of the

evidence at trial. If the moving party does not object to the evidence at trial, then any error is waived."). Waiver notwithstanding, we will review the alleged error under the fundamental error analysis.[2]

[9] "An error is fundamental. . . if it 'made a fair trial impossible or constituted a clearly blatant violation of basic and elementary principles of due process presenting an undeniable and substantial potential for harm.'" *Durden v. State,* 99 N.E.3d 645, 652 (Ind. 2018) (quoting *Knapp v. State,* 9 N.E.3d 1274, 1281 (Ind. 2014)). "These errors create an exception to the general rule that a party's failure to object at trial results in a waiver of the issue on appeal." *Durden,* 99 N.E.3d at 645 (citing *Benson v. State,* 762 N.E.2d 748, 755 (Ind. 2002)). The exception is very narrow and "encompasses only errors so blatant that the trial judge should have acted independently to correct the situation." *Id.* Vincent argues the trial court committed fundamental error in allowing the testimony regarding Vincent's prior statements for four reasons. We will address each of Vincent's arguments below.

### *A. Evidence Rule 401*

[10] Vincent first argues the evidence of Vincent's prior methamphetamine use was not relevant under Indiana Evidence Rule 401 because it did not make more or less probable the crime of possession. Indiana Evidence Rule 401 states that

---

[2] We do not address Vincent's arguments in his brief regarding harmless error because Vincent failed to object, and therefore, we review under the standard of fundamental error. *See Sampson v. State,* 38 N.E.3d 985, 992 (Ind. 2015) ("failure to object at trial waives the issue for review unless fundamental error occurred") (quotations omitted).

evidence is relevant if it either: (a) "has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." "Evidence is relevant when it has any tendency to prove or disprove a consequential fact." *Snow v. State,* 77 N.E.3d 173, 177 (Ind. 2017) (quotations omitted). "This liberal standard for relevancy sets a low bar, . . . and the trial court enjoys wide discretion in deciding whether that bar is cleared." *Id.*

[11] To convict Vincent of possession of methamphetamine, pursuant to Indiana Code Section 35-48-4-6.1(a), the State had to prove that Vincent: "knowingly or intentionally possesse[d] methamphetamine (pure or adulterated)," "without a valid prescription or order of a practitioner." Vincent's offense was a Level 5 felony because the amount of the drug involved was "at least five (5) but less than ten (10) grams." Ind. Code § 35-48-4-6.1(b)(1).

[12] The State argues that Vincent's prior statements were relevant to show Vincent's knowledge regarding the methamphetamine in the vehicle, as knowledge is an element of the possession offense. Vincent put his knowledge at issue in many ways. First, Officer Peake's police report indicates that Vincent's initial reaction to the discovery of the methamphetamine was that Vincent "did not know it was there" and that "it was not [Vincent's]." Appellant's App. Vol. II p. 11. Moreover, Vincent's counsel's line of questioning on cross-examination and his arguments in closing arguments demonstrated that Vincent was putting his knowledge of the methamphetamine in issue.

[13]     Accordingly, the trial court was within its discretion to conclude that Vincent's prior statement regarding his methamphetamine use demonstrated his knowledge regarding the same substance in the vehicle. Admission of the evidence under Rule 401 was not fundamental error.

### B. Evidence Rule 403

[14]     Next, Vincent argued that the prejudicial effect of the evidence regarding Vincent's prior methamphetamine use far outweighed the probative value because it was not relevant to any material fact or issue "other than to establish that Vincent was acting in conformity with a character trait and consistent with prior criminal offenses when he committed the charged offenses." Appellant's Br. p. 20. Under Indiana Evidence Rule 403, the trial court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence."

[15]     When weighing the probative value and the prejudicial effect, "'unfair prejudice addresses the way in which the jury is expected to respond to the evidence; it looks to the capacity of the evidence to persuade by illegitimate means, or the tendency of the evidence 'to suggest decision on an improper basis.'" *Bowman v. State,* 73 N.E.3d 731, 734 (Ind. Ct. App. 2017) (quoting *Ingram v. State,* 715 N.E.2d 405, 407 (Ind. 1999)), *trans. denied.* "However, we recognize all relevant evidence is necessarily prejudicial in a criminal prosecution." *Bowman,* 73 N.E.3d at 734 (citations omitted). "Therefore, the danger of unfair prejudicial

impact arises from the potential for a jury to substantially overestimate the value of the evidence, or its potential to arouse or inflame the passions or sympathies of the jury." *Id.* at 734-35. "Evaluation of whether the probative value of an evidentiary matter is substantially outweighed by the danger of unfair prejudice is a discretionary task best performed by the trial court." *Bryant v. State,* 984 N.E.2d 240, 249 (Ind. Ct. App. 2013) (citing *Baer v. State,* 866 N.E.2d 752, 763 (Ind. 2007)), *trans. denied.*

[16] The trial court engaged in a relatively lengthy statement demonstrating that it weighed the probative value against the danger of unfair prejudice. The trial court specifically noted that: "Mr. Vincent's position is that he didn't know it was there," and accordingly, "then that does make the statement relevant, it does have probative value. . . ." Tr. Vol. I p. 23. The trial court went on to state that the evidence showed "something other than his propensity to commit the crime at hand." *Id.* The trial court concluded that "I think the probative value outweighs, and I am going to allow it to be admitted. I'm gonna [sic] ask the State, uh, not to use it in opening, as you've already agreed not to do." *Id.* at 23-24.[3]

---

[3] In fact, the trial court seemingly left the door open for Vincent to not contest the knowledge issue at trial, and renew an objection to the evidence, implying that the objection may be sustained depending on the evidence presented to the jury. The trial court stated: "because I think the Defense has to put [Vincent's knowledge in issue] first. And so while I'm ruling on it today, I guess I can certainly take up your objection at [sic] time -- . . . and consider that again." Tr. Vol. I p. 24.

Vincent put his knowledge of the methamphetamine into issue; therefore, we cannot say the trial court abused its discretion in determining that the probative value outweighed any prejudicial effect. We find that the trial court did not commit fundamental error in admitting the evidence after the balancing test in Rule 403.

### C. Evidence Rule 404

Vincent next argues that the evidence was improperly admitted under Indiana Evidence Rule 404(a), which provides, in relevant part:

> (a) Character Evidence.
>
> > (1) *Prohibited Uses.* Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.
>
> *\* \* \* \* \**

Vincent also argues the evidence was improperly admitted under Indiana Evidence Rule 404(b), which provides:

> (b) Crimes, Wrongs, or Other Acts.
>
> > (1) *Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) *Permitted Uses; Notice in a Criminal Case.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

> (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

> (B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.[4]

[20]     In determining whether to admit evidence of specific acts under Rule 404(b), the trial court is required to: (1) determine whether the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act; (2) determine that the proponent has sufficient proof that the person who allegedly committed the act did, in fact, commit the act; and (3) balance the probative value of the evidence against its prejudicial effect pursuant to Indiana Evidence Rule 403. In short, if the evidence bears on some issue other than criminal propensity and clears the balancing hurdle of Rule 403, it is admissible.

*Guffey v. State*, 42 N.E.3d 152, 159-60 (Ind. Ct. App. 2015), *trans. denied* (quotations omitted). *See also Camm v. State,* 908 N.E.2d 215, 223 (Ind. 2009) ("The law governing the admissibility of specific acts evidence for other

---

[4] There does not appear to be a pretrial notice issue here.

purposes requires a trial court to make three findings.") (internal citations omitted).

In *Oldham v. State,* 779 N.E.2d 1162 (Ind. Ct. App. 2002), *trans. denied*, a panel of this Court reversed the trial court's admission of certain business cards and photographs under Rule 404,[5] specifically noting that the State "tried to use the business cards and the novelty photograph to paint Oldham as a dangerous criminal." *Id.* at 1173. Specifically, our Court noted:

> Pursuant to Evidence Rule 404(a), evidence of a defendant's character or character trait is not admissible to prove that the defendant acted in conformity with that character. In addition, Evidence Rule 404(b) specifically bars the admission of evidence of crimes, wrongs or other bad acts allegedly committed by the defendant to prove the defendant's character, and forbids the use of this kind of evidence to show that the defendant acted in a manner consistent with that character. Oldham argues that the business cards and the novelty card gave rise to the impermissible inference that he was a person with a dangerous and criminal character, that he had committed crimes and bad acts in the past, and that the murder [ ] was entirely consistent with his character and prior bad acts.

Here, Vincent argues that the evidence was impermissible under Rule 404(a) because "the State was clearly establishing that Vincent had a negative character trait, *i.e.* that he was a drug addict acting in conformity with this trait

---

[5] In *Oldham,* our Court found the business cards were inadmissible pursuant to both Evidence Rule 404(a) and Evidence Rule 404(b).

when he committed the charged offense." Appellant's Br. p. 13. The State responds that Rule 404(a) does not apply because there was no evidence of Vincent's criminal history or prior drug use, other than a single statement from Officer Peake. Accordingly, the State argues a Rule 404(a) argument is inapplicable here. We agree with the State's characterization of the purpose of the evidence; it does not appear the evidence was introduced to demonstrate Vincent was a drug addict and acting in conformity with that trait. We, therefore, move to the Rule 404(b) analysis.

[23] Vincent also argues the evidence was impermissible under Rule 404(b) because introduction of evidence of Vincent's prior use of methamphetamine likely created the inference "that the defendant was a habitual drug user and that he acted in conformance with this character trait when he committed the charged offense." Appellant's Br. p. 18. The State responds that Vincent's statements regarding prior use "would be used solely to show [Vincent's] knowledge of the bag of methamphetamine positioned directly underneath his seat." Appellee's Br. p. 10. The State argues that, because Vincent allegedly was unaware of the bag, the evidence was permissible to demonstrate Vincent's knowledge of the bag as an element of the offense.

[24] In *Samaniego-Hernandez v. State,* 839 N.E.2d 798, 803 (Ind. Ct. App. 2005), *abrogated on other grounds by Anglemyer v. State,* 868 N.E.2d 482 (Ind. 2007),

*clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007),[6] we dealt with a similar situation in which the defendant argued that the trial court improperly admitted evidence of a controlled buy the defendant was involved with days before his possession of cocaine arrest. Our Court determined that admission of evidence regarding the controlled buy was proper because the defendant put his knowledge at issue. Specifically, Samaniego "fostered the impression that he knew nothing about the cocaine found in his home and therefore could not have possessed the requisite elements of knowledge and intent to deliver it." *Id.* Our Court, therefore, concluded that the "evidence was admissible to challenge the impression that Samaniego could not have had knowledge of the cocaine found in his home." *Id.* The same result is required here.

[25]    As discussed above, Vincent repeatedly referred to the fact that the vehicle belonged to Vincent's brother throughout the trial. Vincent also referred to the same fact in closing argument. Vincent's statements to police similarly put his knowledge at issue in the case. As the trial court noted in its ruling on admissibility of the evidence after weighing the evidence, there was a purpose outside of criminal propensity that made the admission of the evidence permissible.[7]

---

[6] The *Anglemyer* court abrogated *Samaniego-Hernandez* on the issue of sentencing; the *Anglemyer* court did not address a Rule 404(b) argument.

[7] As we have already discussed above, the evidence met the requirements for admission under Rule 403.

[26] Moreover, aside from Vincent's prior statements, there was sufficient evidence of his guilt. Specifically, the State presented evidence that Vincent was driving a vehicle—which he drove somewhat regularly—that belonged to his brother. The State also presented evidence that a bag of methamphetamine was found propped upright under the driver's seat, inches away from Vincent's reach, while he was driving and in control of the vehicle. This evidence could reasonably lead the jury to conclude that Vincent possessed methamphetamine beyond a reasonable doubt. We cannot say that a fair trial would have been impossible as is required by the fundamental error standard. Vincent has not proved that the admission of this evidence constituted fundamental error.

## Conclusion

[27] The trial court did not commit fundamental error in admitting Vincent's prior statements. We, accordingly, affirm.

[28] Affirmed.

Brown, J., and Altice, J., concur.